### BOARD OF COUNTY COMMISSIONERS OF MOWER COUNTY v. NELS ROBERTSON.

May 4, 1900.

Nos. 12,032—(175).

**Support of Indigent Sister—G. S. 1894, § 1951.**
  The provisions of G. S. 1894, § 1951, which exempt a brother from the support of an indigent sister where her poverty is the result of bad conduct, do not contemplate remote acts of indiscretion, or inability of such poor person to deal wisely in business affairs, but bad conduct involving some element of moral delinquency, occasioning her poverty.

**Same—Bad Conduct.**
  The bad conduct which relieves such relative from support of his indigent sister must also have an immediate bearing upon, and be the natural and proximate cause of, the poverty of such poor person.

**Same—Evidence.**
  The facts that an unmarried woman has had an illegitimate child twenty-five years before she became a county charge, or that she wilfully deserted her husband ten years before such time, while during many

years subsequent she was not a pauper, are too remote to show her "bad conduct,"· in the sense in which these words are used in the statute.

Action in the district court for Mower county to recover $180, being the penalty imposed by G. S. 1894, § 1951, for failure to support defendant's sister after being required by plaintiff so to do. From an order, Kingsley, J., striking out part of the answer, defendant appealed. Affirmed.

*Greenman, Dowdall & Greenman,* for appellant.

*R. E. Shepherd,* County Attorney, and *S. D. Catherwood,* for respondent.

LOVELY, J.

Appeal from an order striking out four paragraphs of the answer, which attempt to set forth a substantive defense to plaintiff's cause of action. In the court below and in this court the issue was submitted upon the sufficiency of these paragraphs to allege such a defense; and, without considering the question of practice,—whether a motion to strike out specific allegations in a pleading can in any case fulfil the purpose of a demurrer,—we will, in view of the treatment of this matter by counsel, and its disposition by the trial court, consider it upon its merits.

Johanna Johnson was the indigent sister of defendant, who, as her brother, was requested by the proper authorities to support her; the conditions being such as to require him to do so, or, in case of his refusal, to forfeit $15 per month to the county commissioners of Mower county, unless he was relieved by reason of the fact that such sister had (upon his claim) "become a pauper from her bad conduct," according to the conditions of G. S. 1894, § 1951. The county of Mower provided for the poor person named, upon her request for relief, and sought, after a demand for reimbursement, to recover the penalty provided by statute. In the paragraphs of defendant's answer which were stricken out, defendant attempts to set forth specific facts to establish his sister's bad conduct, and upon these allegations the order of the court below was predicated. Defendant avers that twenty-five years before the date of the action his sister had an illegitimate child; that she afterwards consummated a common-law marriage with a third

party, Andrew Jacobson, and lived with him as her husband until 1888, when she wilfully deserted him; that afterwards, and until 1895, she lived with, and was supported by, her father; that her father before his death made a contract with a third party for her permanent support; and two years afterwards she became a county charge.

The pleadings were supplemented by affidavits which contest some of these matters, and attempt to show a release of such contract for the support of Johanna Johnson and her imprudence in making the same; but stripped of all embellishments in the pleadings or affidavits, which the court below considered very generously for defendant, and putting the allegations stricken out most favorably for the contention that they show bad conduct of the sister, we think they utterly fail to show such fact. They do not show how the misfortune twenty-five years before did or could affect the subsequent poverty of the sister. A common-law marriage is legal in this state. While the desertion of a woman from her husband might be relevant matter to show, in connection with other circumstances not set forth, bad conduct that resulted in indigency, still of itself it would not do so. If the poor person was seized of a valuable contract, which provided for her support, as alleged, such contract might show that she was not a poor person while she was possessed of it, but surely would not tend of itself to show bad conduct, which is its evident purpose in connection with other averments of the answer. And if, as defendant claims under the further statements in his affidavits, it appears that the poor person had mistakenly or imprudently surrendered this contract to the obligor therein for a sum less than its value, neither does this fact show bad conduct; for we have no doubt, in view of the collocation in which these words are used in the statute, that the bad conduct which is sufficient to relieve the defendant from supporting his sister must involve some elements of moral delinquency or turpitude, and also that there must be a reasonable relation between such conduct and her subsequent poverty, but the allegations in the answer which tend to such a conclusion are so remote, and so rebutted by the subsequent conditions following, as set forth in the same pleading, that they neither amount

to a substantial defense to the statutory obligations referred to, nor relieve the brother from his liability to support his sister.

The order appealed from is affirmed.