In the Matter of BERTHA ARONOWITZ, Petitioner, *v.* SAMUEL ARONOWITZ, Respondent.

Domestic Relations Court of City of New York, Family Court Division, New York County, April 16, 1936.

*Paul C. Windels, Corporation Counsel [Ida Cassasa, Assistant Corporation Counsel,* of counsel], for the petitioner.

PANKEN, J. The state of the law in this jurisdiction does not permit the court to deny an application by a dependent wife for maintenance or contribution to her maintenance and support from her husband if the testimony submitted discloses the facts that the dependent wife is industrially incapacitated, is without means of support, is without property, is a public charge or is likely to become a public charge; it is the law regardless of what were the causes that brought about the separation between the husband and wife.

The spouse appealing to the court may be wholly and entirely at fault as to the separation. Moreover, she might have conducted herself in a manner which would justify the other party to the marital relationship in abandoning her. She might even have conducted herself in a manner which would be a violation of morals and a violation of law; and yet, upon the finding of fact that she is without means of support, or is a public charge, the other party to the marriage may be required to contribute to her support and maintenance.

I find, as a matter of fact, that the woman is without means of support; that she is presently industrially incapacitated. I find as a matter of fact that she has without cause abandoned her husband and that she has conducted herself in a manner which is universally condemned, thus having forfeited the right to expect that her husband would take her back. Yet, in the present status of the law, I must find that respondent is to make contribution to the support and maintenance of his spouse, the petitioner herein.

My understanding of the law is that unless the husband is ready to receive his wife into his home or provide a home for her, regardless of her prior conduct, even if that conduct amounted to a violation of the marital vows and it actually resulted in faithlessness and infidelity and cohabitation with a man other than her husband, the spouse would be primarily obligated to provide for his dependent partner, the controlling factor being that as between the spouse and the community the responsibility rests on the former rather than on the latter as long as the marital relationship between the parties remains undissolved.

Strange as it may seem, yet it is the law, the son, the offspring of the marriage of the parties herein, whom the petitioner had not seen for fifteen years and in whose life and career she had evidenced no interest and had not sought him out, excepting that she had seen him at a distance, would be liable under the same theory of the law that, as between a relative chargeable with the support of a dependent and the community, the former is answerable primarily.

The order of the court is that the respondent be required to contribute three dollars per week. I find that there has been an abandonment by the wife of the husband, and that the abandonment was unjustified.

This is not to be construed as a clean bill of health to the husband. This is a case where both parties stretched their conscience almost to the breaking point in submitted testimony to the court.