Matter of GERTRUDE HOUG, Petitioner, *v.* LOUIS HOUG, Respondent.

Domestic Relations Court of City of New York, Family Court Division, Borough of Manhattan, June 10, 1936.

*Paul Windels, Corporation Counsel* [*Alice E. Trubin, Assistant Corporation Counsel,* of counsel], for the petitioner.

PANKEN, J. Both parties present. It sometimes becomes necessary for the court to chart and blaze a new path. As a cold legal proposition, probably the court should make an order in this case

requiring the respondent to contribute to the support and maintenance of the petitioner. The law, however, must in its application reflect a high sense of justice and a response to that which conscience dictates. While it is true that as between the spouse who is chargeable with the duty of providing for a dependent and the community, the obligation rests first on the spouse. Public policy would be shocked beyond mention if in an instance such as is before me an order should be made to require the respondent to contribute to the support of the dependent spouse. In extension of public policy no order should be made in this proceeding against the respondent. The uncontradicted testimony in this case discloses a situation which shakes faith in human beings. Petitioner was convicted of prostitution and served a term of 100 days for having committed the act of prostitution. After she was discharged from the workhouse she contracted a bigamous marriage; and I might say, brazenly and unconcernedly admits it. The report submitted to me by the clinical department of the court indicates the dread disease of syphilis in the petitioner and which finding is supported by a blood test made under the Wasserman system by the board of health in the city of New York. I cannot bring myself to sign an order requiring the respondent here to support the petitioner, even if the petitioner will continue to be a public charge. It is much better that the community should continue to provide for her than to do violence to decent instincts, conscience and justice which an order upon the respondent would be tantamount to. Accordingly petition is dismissed and corporation counsel is given exception to the dismissal.