In the Matter of the Application of JOHN I. KITTELL, as Commissioner of Public Welfare of Columbia County, to Compel the Support of EDGAR GARRISON by His Legally Responsible Relatives.

County Court, Special Term, Columbia County, July 14, 1939.

*Thomas P. Kennedy*, for the petitioner.

*Harold E. Fritts*, for the respondents.

INMAN, J. The commissioner of public welfare has applied, pursuant to section 914 of the Code of Criminal Procedure and section 125 of the Public Welfare Law, for an order compelling the wife and child of a recipient of public relief to support him.

The recipient and his wife intermarried in 1892. They separated in 1916 and have since lived apart. Prior to the separation the recipient choked and struck his wife and otherwise physically abused her. He threatened his wife and daughter and ordered them out of their home. He consorted with prostitutes, committed adultery and contracted a venereal disease. In consequence the wife and daughter separated from the recipient twenty-three years ago and have since lived separate and apart from him. During such period he has not contributed in any way to the support of either of them. The wife had religious scruples against divorce and no divorce or separation action was commenced.

In 1932 the recipient became an inmate of the New York State Volunteer Firemen's Home at Hudson. In 1937 he applied for old age assistance and expressed his desire to discontinue his residence in the Firemen's Home. Prior to May 25, 1936, an inmate of a private home for the aged was not eligible for old age assistance (Public Welfare Law, art. 14-A; Laws of 1930, chap. 387; Opinion of Attorney-General, 45 State Dept. Rep. 373), but old age assistance was provided for inmates of private homes by chapter 693 of the Laws of 1936. Old age assistance in the sum of twenty-eight dollars per month was granted to the recipient beginning November 1, 1937. He left the Firemen's Home and has since been supported by the public.

The wife is seventy-two years of age and resides with her daughter and her daughter's husband. One bank account of more than $8,000 is deposited in the name of the wife and daughter and is said to be the sole property of the wife. Another bank account in the sum of over $4,000 is in the name of the daughter and her husband and is said to represent the earnings of the husband. The wife and possibly the daughter are financially able to contribute to the support of the recipient.

Section 914 of the Code of Criminal Procedure provides that the spouse, parents, grandparents, children and grandchildren of recipients of public relief, or of persons liable to become in need of public relief, shall, if of sufficient ability, be responsible for the support of such persons. Similar provision is made in section 125 of the Public Welfare Law. Procedure for enforcement is pro-

vided in each statute. Section 128 of the Public Welfare Law further provides that a public welfare official may recover moneys expended for relief from legally responsible relatives.

At common law a husband was responsible for the support of his wife and minor children. A wife was not legally responsible for the support of her husband and a child was not legally responsible for the support of his parent. A moral responsibility, however, has always existed, and the Legislature has now converted that moral responsibility into a legal one. As between the State and relatives the primary responsibility for the support of the indigent should rest upon the relatives and public welfare officials and the courts should be diligent in enforcing such responsibility. (*Hodson* v. *Stapleton*, 248 App. Div. 524.) The sound public policy declared in the statutes is designed to relieve the public of part of its burden of supporting the indigent. The statutes are remedial and should be liberally but not unreasonably enforced.

Mr. Justice PANKEN, of the Domestic Relations Court of the City of New York, has written an interesting series of opinions interpreting section 125 of the Public Welfare Law. In *Matter of Aronowitz* v. *Aronowitz* (159 Misc. 103) he held that a husband must support a recipient of public relief even though she had abandoned him without cause and had conducted herself in such a manner as to forfeit the right to expect that her husband would take her back. He said that the husband is not relieved of this responsibility even though the wife had been unfaithful, and that the offspring of the marriage, whom the indigent person had not seen for fifteen years and in whom the indigent person had no interest, was likewise responsible. In *Hodson* v. *Picker* (159 Misc. 356) he said that the wife of a recipient of public relief is responsible for his support despite the fact that they were separated because of the fault of the husband.

In *Matter of Houg* v. *Houg* (159 Misc. 894) the wife had become a common prostitute, had contracted a bigamous marriage and had become a victim of syphilis. He said: " It sometimes becomes necessary for the court to chart and blaze a new path. As a cold legal proposition, probably the court should make an order in this case requiring the respondent to contribute to the support and maintenance of the petitioner. The law, however, must in its application reflect a high sense of justice and a response to that which conscience dictates. While it is true that as between the spouse who is chargeable with the duty of providing for a dependent and the community, the obligation rests first on the spouse. Public policy would be shocked beyond mention if in an instance such as is before me an order should be made to require the respondent to

contribute to the support of the dependent spouse. In extension of public policy no order should be made in this proceeding against the respondent. * * * I cannot bring myself to sign an order requiring the respondent here to support the petitioner, even if the petitioner will continue to be a public charge. It is much better that the community should continue to provide for her than to do violence to decent instincts, conscience and justice which an order upon the respondent would be tantamount to."

In *Jones* v. *Jones* (161 Misc. 660) the respondent had married a woman who was the mother of an illegitimate child of whom he had knowledge. The child thereby became his stepchild. The woman thereafter abandoned the respondent and the woman and her child became public charges. Mr. Justice PANKEN held that the respondent must support them in spite of the abandonment.

In *Hodson* v. *Holmes* (162 Misc. 226) the recipient of public relief had deserted his wife and child, who were willing and able at all times to support him and who had no knowledge that he was being supported by the city of New York. It was, nevertheless, held by the Appellate Term, Second Department, that they must reimburse the city for the moneys expended for his support.

No provision is made in the New York statutes relieving the legally-liable relatives if the recipient of public relief has by his conduct forfeited all moral claim to support. It has been held that the misconduct of an indigent person will not affect the statutory liability of the relative unless the statute so provides. (48 C. J. 513, citing Iowa and Quebec cases.) Bad conduct exempts relatives otherwise liable in some States, including Illinois and Minnesota, but statutes so providing do not contemplate remote acts of indiscretion but bad conduct involving some element of moral delinquency occasioning the poverty. The bad conduct must have an immediate bearing upon and be the material and proximate cause of the poverty. Willful desertion does not constitute bad conduct. (*Board of Commrs. of Mower County* v. *Robertson,* 79 Minn. 357; 82 N. W. 666.) A Michigan statute relieves a spouse and a child of duty to support in the event of desertion or abandonment. (*Matter of Shassberger,* 257 Mich. 1; 239 N. W. 862.)

In New York the adultery of a wife is a defense to an action for separation and support. (*Hawkins* v. *Hawkins,* 193 N. Y. 409; Civ. Prac. Act, § 1163.) A husband who has neglected or refused to provide for his wife or who has abandoned her, and a wife who has abandoned her husband, are deprived of the right of election to take against a will under section 18 of the Decedent Estate Law. Such a spouse is likewise deprived of any claim to the estate of an intestate. (Dec. Est. Law, § 87.)

The natural father of an adopted child cannot be required to support him even though he is likely to become a public charge. Section 114 of the Domestic Relations Law relieves the natural father from responsibility for his support. (*Betz* v. *Horr*, 276 N. Y. 83.) In such case the natural father has some moral responsibility. In the case under consideration the wife and child have no moral responsibility since the relief recipient has forfeited all moral claim upon them.

It is not necessary to say here that proof necessary to support a decree of divorce or separation would bar relief at the petition of the commissioner of public welfare, or to say what misconduct will bar such relief. It is sufficient to say that here as in the *Houg* case an order requiring the wife and daughter to support the recipient of relief would do violence to decent instincts, conscience and justice. The Legislature has seen fit to provide that a person eligible for care at a private home for the aged may choose instead to be supported by the public. Upon the facts here presented it is better that the public carry the burden it has assumed than that it be placed upon the respondents who have no moral responsibility.

The application is denied, without costs.