"Mary Jones", Petitioner, *v.* "Harold Jones", Respondent.*

Domestic Relations Court of the City of New York, Family Court, Kings County, May 2, 1947.

*"Mary Jones"*, petitioner in person.

*"Harold Jones"*, respondent in person.

Panken, J. Subdivision (1) of section 92 of the New York City Domestic Relations Court Act (L. 1933, ch. 482) provides as follows: "To order support of a wife or child or both, irrespective of whether either is likely to become a public charge, as justice requires having due regard to the circumstances of the respective parties."

The duties of a judge are not always pleasant. Sometimes a judge must do that which runs counter to what his conscience dictates. Compromise with conscience, in order to follow the law, is abhorrent, yet it must be made.

The matter before me is a situation in which I shall have to do that which in conscience I feel very difficult to justify. Insistence on the part of the petitioner to her right to have

---

* Names used herein are fictitious for the purposes of publication.

support from her husband is tantamount to what Shakespeare has envisioned in his immortal play, "The Merchant of Venice." Because she is married to the man, she insists on her "pound of flesh", insists upon that with a degree of arrogance which indicates complete loss of sensibilities to the nicer things in life or even to the ordinary dictates of morals.

The facts in this case are: Respondent and the petitioner were married to each other on or about the 21st of October, 1939, by way of a ceremonial marriage presided over, in the first instance, by a minister, evidently of the Protestant faith; to make the marriage more binding, they went through a subsequent marriage ceremony which was performed by a priest of the church to which they belonged, to wit, the Roman Catholic Church; they lived together from time to time until the respondent volunteered for service to his country in its armed forces, and lived together after he had served his term of enlistment and was discharged from military services of his country; a child was born to the petitioner on or about the 15th of January, 1942; she is now five months pregnant with another child; there is no dispute between the respondent and the petitioner that he is not the father of either child; the fact is that the father of both children is another man, the same man in each instance.

The problem with which I am confronted is one of law and of morals, not one of fact. The law should reflect the morals of a period in which the law is to be enforced. Moral concepts ordinarily antedate laws. Law for the guidance of man generally is the embodiment of the moral code accepted by man in his relationships individually and collectively in his relation to others as well as to the community. The accepted moral concepts run counter to what the law requires me to do. To require the respondent to answer for the support of the lady who calls herself his wife and who is his wife in the eyes of the law amounts to countenancing her conduct with another man while she is and was the wife of the respondent.

Whatever order I make in this case is not to be construed to mean approval of her conduct. Men and women do get married and are unable to continue to live together as husbands and wives because of incompatibility in character or even in sex but that incompatibility is not a warrant to one or the other to violate vows made at the time of the marriage ceremony, and exact of the other the obligations undertaken at the time of the marriage vows.

Subdivision (1) of section 92 has this phrase, " as justice requires ". If that phrase could be separated from the balance of that subdivision, I should say that justice requires me to dismiss this proceeding, but reading the subdivision, the requirement of justice contemplated by the State Legislature when it enacted that subdivision is with due regard to the circumstances of the respective parties, and the circumstances to be taken into consideration must be with regard to the amount of support that the respondent should be required to contribute to his dependents.

Petitioner here is the wife of the respondent. As long as she is the wife and she is without financial ability to take care of herself or is industrially incapacitated and thus may become a charge on the public or is a charge on the public, the responsibility is that of the husband and not of the public to maintain her.

Exercising that sound discretion which judges must exercise and taking into consideration the fact that she is not wholly unemployed — cooking and keeping house for an aunt is employment — she may not be paid for it in dollars and cents but she is paid for it in food and shelter — the order of the court, in view of all the circumstances which I must take into consideration in order to do justice between the parties, is, he is to contribute $10 monthly.