Raymond E. Aldrich, Jr., J.
The petitioner, Linda Fernandez, brought this proceeding against her husband, John Fernandez, for the support of herself and child, eight months old, alleging he is chargeable with the same, and while she has been receiving some support, the amount thereof is not sufficient for their needs.
*74 The matter came on for hearing on September 6,1966, at which time the petitioner, some 19% years old, and respondent appeared in person, with the respondent also being represented by counsel. Both parties testified, and the petitioner called her father as a witness. At the conclusion of the hearing the court reserved decision, but made a temporary order requiring the respondent to pay the sum of $30 per week for the support of petitioner and her child.
At the hearing, the respondent conceded he was the father of the child, John Fernandez, and chargeable with his support, but he denied he was liable for the support of his wife on the grounds she refused to accompany him to Texas while he attended school, and he pleaded that such refusal was tantamount to abandonment. Therefore, in the first instance, this court must determine whether the respondent is chargeable with the support of his wife under the circumstances of this case.
The general rule has been long established that the wife must go to the home which her husband has provided, and she may not acquire a separate domicile when she has no justification or excuse for leaving her husband. This rule is a survival of the common law that the husband ‘ ‘ selects the place of abode of the family and it is the duty of the wife to abide by his decision unless it is unsafe or imprudent for her to do so ” (Matter of Daggett, 255 N. Y. 243). In another manner of expression, if the husband in good faith decides to move to another locality and establish a home and provide maintenance and support to the wife, and she refuses to accompany him, except for good cause, she is deemed to have abandoned him in a legal sense (Manufacturers Trust Co. v. Gray, 278 N. Y. 380; Matter of Roessler, 171 Misc. 306; Fox v. Fox, 17 Misc 2d 998). The general rule is therefore subject to the specific exception that if the suggested change of domicile is unsafe or imprudent, or is not made in good faith and the wife has good cause to object, then she is not required to consent to the change, and she may remain in the domicile last established by her husband. In order to determine whether the general rule or the exception applies in the circumstances of this case, the court must make an analysis of the testimony.
The parties were married on March 21, 1965, and established their home for a few months with his parents. They then moved to an apartment for six months, which they relinquished to take up residence in a basement apartment in the home of petitioner’s parents. This was their last marital domicile together. Approximately three months after establishing this residence, the child became ill and was taken to the hospital for a week. During *75 this period, petitioner spent most of her time with the child. While the baby was in the hospital, the husband left the apartment and returned to the home of his parents. The petitioner testified her husband can always come back home, and stated she refused his suggestion to live with his parents, adding she was willing to obtain another apartment so as to get away from both parents if her husband wished. She further stated there 1 ‘ is nothing left of the marriage ” concluding he “ is not a father to the baby ”, citing respondent’s going out with another girl the first month of the marriage, which respondent admitted doing once, further stating respondent does not want the responsibilities of marriage, adding he was never at home, and would leave her home alone at night, though she never complained of his going to college three nights a week for a couple of months during the marriage.
The husband graduated from high school in June, 1961, and attended Lamar College in Texas in September, 1961, for one year, passing his first semester and failing his second. In September, 1963, he enrolled in Dutchess Community College and attended for one and one half years on a full-time basis until January, 1965, when he thereafter matriculated for awhile on a part-time basis. When the parties were married in March, 1965, the respondent was working at International Business Machines Corporation from 7:00 a.m. to 4:00 p.m. and he had another job at the Grand Union, but he was not enrolled in school. In July, 1965, they went to Texas since he was accepted in the University of Houston for the school year commencing in September, 1965. Their stay was only two weeks, and they returned to Dutchess County, taking up residence in his parent’s house, where they lived for a few months, and then moved to the apartment in Fishkill. The baby was born November 8,1965.
After the baby came home from the hospital in April, 1966, the respondent came to the home one night and said he was going to Texas to go back to Lamar College, stating his mother said they should live with them since his father was retiring and was going to move to Texas, which apparently was their State of origination.
The petitioner recalled the dislike respondent had for Texas during the two weeks of July, 1965, and while she could understand him wanting to go to college she could not understand why he wanted to do so there.
Upon the hearing, respondent authorized his attorney to state that he was perfectly willing to take his wife and the baby to Texas, that he intended to enter the university there to finish *76 college, that his father was willing to pay his tuition, room and board, and the respondent intended to secure a job so as to maintain the marital domicile.
This court is confronted with analyzing the testimony so as to determine whether the petitioner has legitimate grounds for declining the request made in court by respondent’s counsel that she and the child accompany him to Texas. An analysis of the testimony indicates that she does.
This court will not require the petitioner to accept the offer and go to Texas to test out the question as to whether the offer to establish a home in Texas was made in good faith with the intention to resume the marital relationship. The question of good faith in making the offer is not dependent upon the mere recitation of the same in open court during the hearing, but can only be determined from an analysis of the circumstances under which the offer was made. Admittedly, he made no effort to provide a marital home for his wife and child after he left the residence while the child was in the hospital and he had established himself in his father’s home in April, 1966. What basis has the petitioner to believe that his efforts to establish a marital domicile in Texas would be any more productive than his failure to do so in New York State? Should this court require the wife and child to journey to Texas upon the bare offer to establish a domicile in Texas, made in open court during the course of litigation? Respondent’s offer is belated and suspicious, and he has shown no present means to make it come true. There are no facts upon which this court can conclude that his offer is made in good faith, and the only conclusion to be drawn is that it was made with the hope that petitioner would not accompany him and made to defeat her claim for support. Surely his past actions have given no basis for a belief that his intentions were otherwise. At the most, respondent is going to Texas dependent upon his mother and father to provide him with tuition, room and board, with the hope that he will be able to secure employment to support his wife and child. He has no assurance of being able to do so nor does he have any established apartment or other facility so as to house his dependents. The last time he was in Texas in 1965, he disliked it so strenuously that he returned within two weeks.
Upon the facts and circumstances of this ease, this court believes it would be imprudent for petitioner to accompany respondent to Texas in view of his past conduct, and further that the offer was not made in good faith and she has good cause for refusing to accompany him. Respondent is not moving to obtain employment so as to be able to provide for his dependents *77 nor is he moving for more lucrative job opportunities, but it seems he is going for the purpose of improving his education, which might be laudable, but is nonetheless unrealistic since he has assumed the burden of a wife and child. While this court does not doubt that he is going for the purpose of attending college, the court does question his assertion that he intends to provide a marital domicile for his wife and child, and accordingly, this court will not require the petitioner to leave her present security and expose herself and the child to the uncertainties involved if she goes. Petitioner has not been offered a new home, only a promise of one. Promises to establish a new home are not sufficient. They must be analyzed under the microscope of past experience and conduct, and in this case no evidence is given to support the good faith of the promise. Petitioner is justified in refusing to go.
The court finds that the petitioner is entitled to support by the respondent, and that he is chargeable with the same in a fair and reasonable amount, having due regard to the circumstances of the respective parties (Family Ct. Act, § 412). The sole question remaining is the amount the respondent must contribute to his dependent wife and child.
Petitioner establishes her needs for herself and child at $35 a week, which includes $12.50 for rent charged by her parents, and she feels such amount will sustain them. When the respondent was employed by International Business Machines Corporation, he had a net take-home pay of $76 a week plus the remuneration from his extra job.
This court believes it would be in the best interests of the parties if they would reconcile their differences and resume their marital life together in a normal manner. However, the court is powerless to compel individuals to live together in matrimonial harmony and bliss.
After due deliberation and consideration of the testimony indicating the needs of the petitioner and her child, which the court feels are most reasonable, and the past earning capacity and ability of the respondent when gainfully employed, the court comes to the conclusion that $30 a week is a fair and reasonable sum which the respondent should be required to contribute for the support of his dependents, allocated $10 for the child and $20 for the petitioner.
For the foregoing reasons, it is the decision of this court that the respondent pay the sum of $30 a week for the support of his dependents payable each and every week commencing on the Monday following the entry of the order in accordance with this decision. By reason of the foregoing, the temporary order *78 herein made on September 6, 1966, should be revoked, and the order entered in accordance herewith should so provide.
In the event an order is not submitted by either party within two weeks, then the court will make and enter its own order in accordance with the foregoing.