Elizabeth Bass Golding, J.
This proceeding was instituted in the Superior Court, County of Los Angeles, State of California, pursuant to the Uniform Reciprocal Enforcement of Support Act, for the purpose of obtaining an order, requiring the respondent to support his wife, Carmen Hotetz, and two minor children, Charles Hotetz and Jean Hotetz; to reimburse the County of Los Angeles for expenditures for the support of the said dependents of the respondent.
The petition alleges that the parties were married at New York, New York, on or about September 17, 1950, and were separated at New York, New York, on or about April, 1963. That the petitioner Carmen Hotetz resides at 14912 Freeman Avenue, Lawndale, California; that the respondent resides at 114 Quebec Road, Island Park, Nassau County, New York. Said petition further alleges that since on or about 1964 respondent has failed to provide reasonable support for petitioner or the children, and that the total sum respondent has contributed for their support since that date is approximately $100. That respondent is the father of and responsible for the support of two minors, Charles Hotetz bom February 27, 1952, and Jean Hotetz, born December 16, 1955. That said petitioner Carmen Hotetz is presently obtaining financial assist *272 anee from the County of Los Angeles, for the support of herself and said children, and that the amount so expended from September 1,1967 to October 31, 1968 was in the sum of $1,919. The petition further sets forth petitioner’s monthly expenses as $225.
The matter came on for hearing before this court on March 4, 1969. The petitioner was represented by Morris H. Schneider, Esq., County Attorney of the County of Nassau, State of New York (William Fielstein, Esq., Deputy County Attorney, of counsel). The respondent was represented by his attorney, Harry Pfeifer, Esq., who denied that his client was responsible for the support of the petitioner Carmen Hotetz and their son, Charles.
The respondent testified that his wife left the marital home in April, 1963 to join her mother in California, and that she left their daughter Jean, then eight years old, with respondent. This testimony was borne out by respondent’s Exhibit B, a letter from said petitioner to respondent dated Monday, June 3, 1963, which reads in part: “ If you don’t want to come I can’t force you. But I can tell you right now that I am not going back there. I want to make my home here. * * # I want to be near my mother she doesn’t have too long to live and I would like to spend the last years with her.” Other letters dated March 7, 1964 and April 19, 1964 were submitted by respondent to substantiate his testimony that his wife no longer loved him and did not intend to return to the marital home in New York.
The respondent further testified that his daughter Jean remained with him until November, 1966, and thereafter lived with her mother in California. He testified that his son Charles returned in 1964 and remained with respondent until September, 1965; that he returned again in 1966 and lived with respondent until 1968; and that both children lived with respondent during August and September, 1968.
The attorney for the petitioners conceded in his memorandum of law that * ‘ facts elicited from the respondent on direct and cross-examination and respondent’s exhibits unequivocally established the following:
“(a) Petitioner abandoned the respondent on or about 1963 * * *
“(b) Petitioner’s two children, CHARLES and JEAN, whose ages respectively are seventeen and thirteen, lived periodically with the respondent at his home in Nassau County since the abandonment in 1963 ”.
Respondent testified that he resides in an apartment at 114 Quebec Road, Island Park, County of Nassau, State of New *273 York, for which the monthly rental is $115; that he pays all expenses for food, utilities and telephone. He owns a 1966 Chevrolet on which there is a balance still due of $850, payable $54.26 monthly. He maintains that his weekly expenses approximate $92.84, including payments to his employer for life insurance and health insurance which he is presently maintaining for his wife, his two children and himself. Respondent is employed as a chauffeur by. the Village of Garden City, Nassau County, New York, at a gross weekly salary of $130.40, net $101.51. He státed that he has no income from any source other than his salary.
The respondent further testified that he has been sending $10 weekly to his wife, pursuant to her request, for the support of his son; that his wife had requested him to do so, stating that she could take care of their daughter. Respondent claims that his son, who is now 17 years of age, has been employed by an airline company since February, 1969. He indicated, however, that he is willing to continue payment of $10 weekly for the support of his daughter only, in addition to maintaining the life insurance and health insurance which he now carries for his wife and two children. Respondent contended that he is not obliged to support his wife since she has abandoned him and refuses to return to the home which he maintains in Nassau County, New York.
Although the attorney for petitioner, in his memorandum of law, concedes that the wife abandoned the husband, he contends the respondent is still responsible for the support and maintenance of his wife on a “ public charge basis ” as long as she is being maintained with public funds. He cites in support thereof the case of Matter of Mercer v. Mercer (26 A D 2d 450) in which ‘ ‘ The court in commenting on the disintegration of the marriage and the abandonment by the wife of the husband held that the husband is liable to the welfare department to the extent of the amount of public assistance provided.” It would appear that in said case the marriage between the parties disintegrated over a period of time before the wife left the husband. However, in the instant case, as evidenced by respondent’s Exhibit C previously quoted, the petitioner Carmen Hotetz abandoned respondent, without cause, because she preferred to live in California and to be near her mother.
Petitioners’ attorney also cites section 415 of the Family Court Act in support of his contention that respondent is still responsible for the support of his wife. Said section provides:
“ The spouse or parent of a recipient of public assistance or care or of a person liable to become in need thereof * * * *274 if of sufficient ability, is responsible for the support of such person or patient, provided that a parent shall be responsible only for the support of his minor child. In its discretion, the court may require any such person to contribute a fair and reasonable sum for the support of such relative ”. (Emphasis added.)
The court finds that the petitioner Carmen Hotetz did in fact abandon her husband, without just cause, (as evidenced by respondent’s Exhibits B, C and D); and has refused to return to the marital home.
“ The general rule has long been established that the wife must go to the home which her husband has provided, and she may not acquire a separate domicile when she has no justification or excuse for leaving her husband. This rule is a survival of the common law that the husband ‘ selects the place of abode of the family and it is the duty of the wife to abide by his decision unless it is unsafe or imprudent for her to do so ’ (Matter of Daggett, 255 N. Y. 243). (Matter of Fernandez v. Fernandez, 53 Misc 2d 73, 74.)
“ The wife, having neglected her duties under the marriage contract without being excused for the neglect by reason of mental incompetence, is not entitled to assert her right to support under the contract; she has forfeited such right (Mirizio v. Mirizio, 242 N. Y. 74). (Levy v. Levy, 22 A D 2d 794.)
“When parties marry, the State has an abiding interest in the preservation of a normal family relationship between them and with their offspring. The separation of spouses is not to be encouraged by an award of separate maintenance to the wife where, voluntarily and without justification, she maintains a separate home. Public policy requires that the discretion of the court to award separate maintenance to a wife be exercised in light of these considerations.” (Brownstein v. Brownstein, 25 A D 2d 205, 209.)
The court therefore, in its discretion, finds that the respondent is not responsible for the support of the petitioner Carmen Hotetz on the ground of her willful abandonment of him without justification and her refusal to return to the marital home. As to the contention of the petitioners’ attorney that respondent is liable for the support of the petitioner on a “public charge basis ”, the court finds that respondent should not be penalized because the petitioner Carmen Hotetz has been accepted for welfare benefits in a foreign State after willfully abandoning respondent, without justification, and neglecting to perform her marital duties, when he maintains a home in New York State to which she refuses to return. By making an award of *275 separate maintenance to the wife under the circumstances, the County of Los Angeles has supported the separation of the parties, thus subverting the superior concern of public policy in encouraging the unity of the family.
The court further finds that the son of the parties, Charles Hotetz, is gainfully employed, as evidenced by his letter to the respondent, which states as follows: “I’m working now for about three weeks in the airlines. I’m not going to school now but I supposed to find out about a continuation school on Saturday for four hours. I work from 1:30 to 10:00 and have Saturday and Sunday off.” The court finds that the said Charles Hotetz is now emancipated and hence the respondent is relieved of his obligation to support his said son during the period of said emancipation.
As to the prayer of the petitioner County of Los Angeles for an order directing respondent to reimburse said county in the sum of $1,919 for expenditures heretofore made for the support of the above-named dependents, the court finds that the Family Court has no authority to order reimbursement for past support since the Uniform Support of Dependents Law contains no such provision (Matter of County of Santa Clara v. Hughes, 43 Misc 2d 559). Such application is therefore denied for lack of jurisdiction.
The court finds that the respondent is responsible for the support of his daughter, Jean Hotetz. Based on the testimony herein as to the financial status of the respondent, the court directs him to pay the sum of $12.50 per week for her support and maintenance. Such payments shall be made through the Accounts Division of the Family Court, County of Nassau, by postal money order, bank money order, certified check or cash, effective June 23, 1969. The beneficiary is hereby designated as the Court Trustee of the Superior Court, County of Los Angeles, P. O. Box 3544, Terminal Annex, Los Angeles 54, California. The court further directs the respondent to maintain the life insurance and health insurance for the benefit of his wife and two children.