Hugh B. Elwyu, J.
In a proceeding brought under the Uniform Support of Dependents Law (Domestic Relations Law, art. 3-A) the petitioner, the wife of the. respondent, seeks support from her husband in the amount of $60 per week. In her petition she alleges that the respondent has refused and neglected to support her since March, 1961, and from her sworn testimony attached to her petition it appears that she is now the recipient of public assistance to the extent of $137.50 per month.
The respondent concedes that the petitioner is his lawful wife, but denies responsibility for her support by reason of the wife’s abandonment and he also asserts the defenses of laches and the six-year Statute of Limitations (CPLR 213, subd. 1).
It appears that the parties were married on August 4, 1943 and that they lived together as husband and wife until some time in late 1959 or early 1960. Then, according to the respondent, when he returned home one evening “ I just found most of her belongings gone and she was gone, and she didn’t return.” There was no explanation as to why she left. About 10 or 12 months later the wife contacted her husband and asked him to ‘ ‘ vacate the apartment because she wanted to take possession of the apartment; she felt that it belonged to her ’ ’. In the interval the respondent claims not'to have known his wife’s whereabouts, although he heard she was in Florida. Some time in early 1961 the respondent, at the petitioner’s request, vacated the apartment and surrendered possession to his wife. He claims to have had only “ accidental” contact with her there *51 after until about 1968 when the petitioner requested support and instituted legal proceedings for the purpose.
The wife’s abandonment of her husband, even if established, is insufficient as a matter of law to relieve the husband of his responsibility for her support if she is a public charge or liable to become a public charge. A husband may be required to provide for the support of his wife who is without means and who is a public charge or liable to become a public charge even though she has abandoned him without cause or has been guilty of adulterous conduct (People v. Schenkel, 258 N. Y. 224; People v. McCarthy, 257 N. Y. 567, affg. 139 Misc. 746; Matter of Aronowitz v. Aronowitz, 159 Misc. 103; Jones v. Jones, 161 Misc. 660, 664; “Jones ” v. “Jones ”, 189 Misc. 186; “ Lebolt ” v. “ Lebolt ”, 200 Misc. 704). The converse is also true (Hodson v. Picker, 159 Misc. 356; Hodson v. Holmes, 162 Misc. 226; “Kinsey ” v. “ Kinsey ”, 200 Misc. 760).
Section 101 (subd. 1) of the Social Services Law provides that the “ spouse * * * * of a recipient of public assistance or care or of a person liable to become in need thereof shall, if of sufficient ability, be .responsible for the support of such person ”.
Section 415 of the Family Court Act in virtually identical language provides that “ The spouse * ° * * of a recipient of public assistance or care of a person liable to become in need thereof * * * * , if of sufficient ability, is responsible for the support of such person ”.
Neither statute contains any exculpatory language to relieve a legally responsible person from the duty of indemnifying the public against the burden of a spouse whose conduct has forfeited all moral claim against the other. Because of the absence of exculpatory words of exemption the provisions of section 101 (subd. 1) of the Social Services Law have been held to be mandatory and the duty imposed thereby absolute. Consequently, the Social Services Law has been construed as conferring no discretionary power upon the court to excuse a legally responsible spouse from the obligation imposed by the statute upon the ground of the other spouse’s misconduct or personal unworthiness (Matter of Cybulski, 8 Misc 2d 119; Trussell v. Kostiw, 35 Misc 2d 60 [abandonment]).
A similar construction and for the same reason, i.e., the absence from the statute of any exculpatory matters, was given to section 415 of the Family Court Act by the Family Court of Monroe County in Matter of Woods v. Simpson (59 Misc 2d 1044) wherein it was held that where a wife was a public charge, *52 a defense that she was guilty of adultery was insufficient as a matter of law.[1]
I cannot agree with the decision of the Family Court of Nassau County in Hotetz v. Hotetz (60 Misc 2d 271) where the court, in its discretion, found that a husband was not responsible for the support of his wife who had abandoned him without justification so that she could live with her mother in California and who had refused to return to her marital home, even though it appeared that she was then a public charge.
As for the contention that the husband should be held liable for the support of his wife on a “public charge basis” the court in Hotetz (60 Misc 2d at pp. 274-275) dismissed the argument with the observation ‘ ‘ that the respondent should not be penalized because the petitioner Carmen Hotetz has been accepted for welfare benefits in a foreign State after willfully abandoning respondent, without justification, and neglecting to perform her marital duties, when he maintains a home in New York State to which she refuses to return. By making an award of separate maintenance to the wife under the circumstances, the County of Los Angeles has supported the separation of the parties, thus subverting the superior concern of public policy in encouraging the unity of the family.”
In reaching this decision the court apparently relied heavily upon the phrase, ‘1 In its discretion ’ ’,[2] appearing at the beginning of the second sentence of section 415 of the Family Court Act for authority to relieve the husband of the responsibility for the support of a wife who had abandoned him, even though she was a public charge. The logical extension of the exercise of such a broad discretion is to claim for the court under the guise of an exercise of discretion the right to nullify the responsibility imposed upon the spouse of a recipient of public assistance by the first sentence of section 415.
I have to disagree with the construction placed upon the phrase “ In its discretion ” by the court in the Hotetz case for I do not believe that ‘1 In its discretion ’ ’ the court has the power *53 to nullify the responsibility imposed upon the spouse of a recipient of public assistance merely because the offending spouse’s marital misconduct is so gross as to shock the sensibilities of the court. Such a construction would leave the respondent’s responsibility for the support of a spouse who is a public charge dependent upon the individual Judge’s motions of how gross the spouse’s misconduct or immorality has to be before it outweighs the public’s claim for indemnification. Such criteria can only lead to uncertainty in the decisions and make the result in each individual case dependent on the Judge’s social, moral, and economic views rather than the law. Considerations of public policy as declared by the law should, I believe, take precedence over private notions of morality.
The phrase, ‘1 In its discretion ’ ’ can be given full scope and still leave a large measure of latitude to the Judge in fixing the measure of the respondent’s responsibility by confining it to a determination of whether or not respondent is “of sufficient ability ’ ’ and what is “ a fair and reasonable sum for the support of such relative ” and in addition the apportionment of “ the costs of such support among such persons as may be just and appropriate in view of the needs of the petitioner and the other circumstances of the case and their respective means ” (Family Ct. Act, § 415). There is simply no justification for importing into the statute exculpatory language which is not there (Matter of Cybulski; Trussell v. Kostiw; Matter of Woods v. Simpson, supra), in order to relieve a respondent from the misconduct or immorality of his wife when the latter for whatever reason is a public charge.
The Family Court unquestionably has the power to require a husband to contribute toward the support of his wife who is a public charge even though she may have been guilty of some marital misconduct such as abandonment or adultery (Social Services Law, § 101, subd. 1; Family Ct. Act, § 415; Matter of Mercer v. Mercer, 26 A D 2d 450). I prefer to decide this case upon what I understand to be the law rather than to substitute my own conceptions of morality and abstract justice. Accordingly, I find the respondent is responsible for the support of his wife who has become a public charge even though she may have unjustifiably left him some eight or more years ago.
If this result seems harsh, it should be remembered that the respondent has it within his power to change the result by securing a divorce or legal separation from the spouse who has been guilty of some marital misconduct, thereby relieving himself of further responsibility, or at least limiting that responsibility. Even in the case of a divorce, however, a separation *54 agreement which is not merged in the divorce decree may not be effective to limit the husband’s responsibility if the wife “ is actually unable to support herself on the amount heretofore allowed and is in actual danger of becoming a public charge ” (McMains v. McMains, 15 N Y 2d 283, 285). So long as the recipient of public assistance remains the respondent’s lawful wife the burden of her support should fall upon him rather than the public.
In asserting the defense of laches the respondent overlooks the nature of the liability fixed by the statute. The obligation of the husband to support his wife arises by virtue of her status and is declared by statute (Family Ct. Act, §§ 412, 415; Domestic Relations Law, § 32, subd. 1; Social Services Law, § 101, subd. 1) and is one to which the equitable defense of laches does not apply. If the Commissioner of Social 'Services were attempting to recover a money judgment for the costs of public assistance supplied to the petitioner pursuant to section 104 of the Social Services Law, the six-year Statute of Limitations (CPLR 213, subd. 1) would undoubtedly apply (Trussell v. Kostiw, supra, p. 62). The liability here sought to be enforced is a continuing liability and the wife’s right to be supported by her husband m’ay not be contracted away nor waived by her nor prejudiced regardless of how long she waits before asserting it (General Obligations Law, § 5-311; McMains v. McMains, supra, p. 288).
The respondent is employed as a business agent for the Hotel, Motel & Restaurant Employees & Bartenders Union at a salary of $150 per week with an expense allowance of $45 per week and a gasoline credit card allowance of $7.50 per week. According to the union’s payroll records his take-home salary is $106. I find that the respondent is of sufficient financial ability to contribute toward the support of his wife who is a public charge. Under the circumstances of this case as revealed by the record now before me, the sum of $137.50 per month, the amount of public assistance the petitioner is now receiving, is determined to be a fair and reasonable sum to require the respondent to contribute for the support of his wife and the respondent’s liability is fixed in that amount, payable monthly commencing November, 1969.
A transcript of the respondent’s testimony will be forwarded to the initiating court, so that the petitioner may offer additional proof with regard to the issue of abandonment raised by the respondent’s testimony and also submit cross-interrogatories for the respondent, if she desires to procure support from the respondent on a means as distinguished from a public charge basis.

. For a contrary view see Matter of Houg v. Houg (159 Misc. 894) and Matter of Kittell [Garrison], 171 Misc. 983) holding adulterous conduct, prostitution and consorting with prostitutes to be a bar to a spouse’s claim to support from the other even though the former was a public charge. Both eases were decided,' however, not on the law but on moral principles.

. The second sentence of section 415 of the Family Court Act reads: “In its discretion, the court may require any such person to contribute a fair and reasonable sum for the support of such relative and may apportion the costs of such support among such persons as may be just and appropriate in view of the needs of the petitioner and the other circumstances of the case and their respective means.”