■ ROBERT GUERRIERO, Respondent, v. LORRAINE GUERRIERO, Appellant.— Order of the Supreme Court, Kings County, dated May 10, 1972, affirmed, without costs. In view of the statements made upon the argument of this appeal, the order is affirmed without costs. Hopkins, Acting P. J., Munder, Shapiro, Christ and Brennan, JJ., concur.

■ ROBERT GUERRIERO, Respondent, v. LORRAINE GUERRIERO, Appellant.— In a separation action, the defendant wife appeals from so much of an order of the Supreme Court, Kings County, dated March 23, 1972, as denied the branch of her motion which was for temporary alimony. Order reversed insofar as appealed from, in the exercise of discretion, with $10 costs and disbursements, and defendant's application for temporary alimony is granted to the extent that plaintiff is directed to pay defendant $35 per week during the pendency of this action, on Fridays, commencing on the first Friday after entry of order to be made hereon. The order of the Family Court dated February 7, 1972 directing payments solely for child support in the sum of $35 per week shall continue in effect. This application was made during the pendency of conciliation proceedings. The only criteria to have been considered by the Special Term at that time were the wife's financial needs and the husband's ability to provide for her (Domestic Relations Law, § 211; *Lebovics* v. *Lebovics,* 34 A D 2d 783). The undisputed facts are that the parties are no longer living together, that appellant has taken the parties' 20-month-old infant and taken up residence with her parents, and that appellant has applied for and received welfare assistance. Respondent has a net income of $180 per week. He has two children from a former marriage who receive jointly $197 per month in Social Security benefits under their deceased mother's account. Under the circumstances we think it was an improvident exercise of discretion to deny appellant temporary alimony. It is neither appellant's parents' duty nor the public's to support her at this juncture; rather, the responsibility is her husband's (*People* v. *Schenkel,* 258 N. Y. 224; *People* v. *McCarthy,* 257 N. Y. 567; *Matter of Campas* v. *Campas,* 61 Misc 2d 49). The facts being as they are, we think that $35 a week is an appropriate interim amount of support for appellant. Hopkins, Acting P. J., Munder, Shapiro, Christ and Brennan, JJ., concur.