Shirley W. Kram, J.
This proceeding is brought by petitioner, a resident of Virginia, pursuant to the Uniform Support of Dependents Law. She seeks support for the two infant children , issue of the marriage of the parties, in accordance with a Virginia support order in the amount of $100 weekly.
Pending before the court ús respondent’s motion to dismiss these proceedings on the grounds that legal custody of the children is with the respondent father pursuant to an order of the Superior Court in New Jersey.
The parties were married April 18, 1964 in North Carolina. In December, 1970 the respondent commenced divorce proceedings in New Jersey in which the petitioner appeared by counsel and contested. The respondent secured the divorce in the Superior Court of New Jersey on September 14, 1971. This court did not make a decision as to custody at this time, but reserved decision pending an investigation by their Probation Department. At this point the children were residing with the petitioner mother in Virginia. However, the allegations are that petitioner abandoned the respondent in January, 1969, leaving the children with the respondent father, where they continued to live until April 10, 1971. The petitioner made two trips to New Jersey to visit the children during this period. In April, 1971 the respondent brought the children to Virginia for a visit with petitioner. The petitioner allegedly absconded with the two children at this time.
On February 2, 1972 the Virginia courts awarded custody of the infants to petitioner mother (this court has only an unsigned and undated copy of said order, despite several requests to the Family Court in Virgina that same be forwarded). The respondent did not appear in this proceeding personally or by counsel, nor participate in any way.
On March 17, 1972 the New Jersey court order was signed. Said order was a supplementary one, awarding custody to respondent father and enjoining the Virginia court from making an order as to the marriage of the parties or the custody of the children. The petitioner mother was further directed to relinquish custody and surrender the children to the father.
The question presented here is whether in a Uniform Support of Dependents Law proceeding for support of children, the respondent father can defeat the proceedings by raising the issue of custody.
*738 The stated purpose of a Uniform Support of Dependents Law proceeding is to secure support in civil proceedings for dependent children, from persons legally responsible for their support (Domestic Relations Law, § 30). Uniform Support of Dependents Law proceedings are designed to enforce this obligation of support in a summary and swift manner, although the parties may be far removed and in different jurisdictions. It is thus a highly specialized proceeding designed for a specific purpose.
Precedent indicates there is an obligation of support for his children, placed upon a father, within the limitations of his means to support, but without regard to the actions of the mother in depriving him wrongfully of the company of his children or their custody. In Matter of County of Santa. Clara, State of Cal. v. Hughes (43 Misc 2d 559 [Family Ct., 1964]), the court so held where the mother surreptitiously, and without the father’s knowledge or consent took the children from New York to California. The father despite an intensive search could not locate his children for a four-year period. Yet, the court found the father’s obligation to support his children continued. His wife’s abandonment of her home and her marriage, her heartless treatment of her husband in wrongfully depriving him of his children, did not absolve him of this obligation. (See Hotetz v. Hotelz, 60 Misc 2d 271.)
In Aberlin v. Aberlin (3 A D 2d 417, 421 [1st Dept., 1957]) the court stated although the issues with regard to custody may become involved in a support proceeding, as they have in this one, the “ proceedings for the support of the child should not be frustrated by endless dispute over what is essentially a collateral problem. The proceedings under the Uniform Support of Dependents Law are salutary in purpose * * * They do not provide a suitable forum to try out or determine issues more properly handled in a plenary action, or by way of appeal from or modification of existing judgments, or in habeas corpus proceedings.”
As to the constitutionality of the Uniform Support of Dependents Law as construed above, see Aberlin v. Domestic Relations Ct. of City of N. 7., (159 F. Supp. 59 [S. D. N. Y., 1958]).
This court is of the opinion that respondent must litigate his claim to custody in the courts of Virginia. Neither the children, nor the petitioner are present here, nor were the parties married here, or have a marital residence in New York.
The court, at this time is not required to render an opinion ás to the validity of the Virginia custody order and whether same should be accorded acceptance under full faith and credit.
*739 Uniform Support of Dependents Law proceedings are a very special type of proceeding. The court finds the question of custody extraneous to the basic purpose of the proceeding.
Motion is denied.
Attorneys to be advised to appear for a hearing on respondent’s resources and his ability to pay the requested amount of support.