■ KAREN KAYSER, Respondent-Appellant, v KENNETH KAYSER, Appellant-Respondent, and ROBERT ABRAMS, as Attorney-General of the State of New York, Intervenor.—In a matrimonial action, the parties cross-appeal from stated portions of an order of the Supreme Court, Kings County, dated April 20, 1979, which, *inter alia,* denied the plaintiff's motion for relief, *pendente lite.* Order reversed, insofar as appealed from, without costs or disbursements, and action remanded to Special Term for a hearing consistent herewith. The only issue before Special Term on this motion was whether the plaintiff was entitled to certain relief, *pendente lite,* and the only issue raised on appeal concerns the question of whether the plaintiff was entitled to support and maintenance, *pendente lite.* It was unnecessary for Special Term to reach the constitutionality of section 5-311 of the General Obligations Law in its decision and this court need not and will not pass on that issue here. The record indicated that the plaintiff is receiving public assistance and that the defendant has a substantial income. The separation agreement in dispute provides for the support of the parties' child but not for the support of the plaintiff. Special Term did not provide support, *pendente lite,* on the grounds that a trial on the merits could be had within seven business days from the filing of a note of issue. We cannot condone the failure of the parties to bring this matter to trial expeditiously under the circumstances of this case and were the plaintiff not a public charge we would not hesitate to sustain this exercise of the court's discretion. However, there is a strong public policy that requires the spouse of a public charge to provide support. Under the circumstances, it was an abuse of discretion for the court not to order support, *pendente lite* (cf. *Guerriero v Guerriero,* 40 AD2d 684). The Department of Social Services was not a party to the separation agreement in dispute and, of course, cannot be bound by

its terms. The duty to support a public charge has an independent statutory basis. The validity of the instant separation agreement and of section 5-311 of the General Obligations Law is immaterial. Section 101 of the Social Services Law provides in pertinent part: "the spouse * * * of a recipient of public assistance or care or of a person liable to become in need thereof shall, if of sufficient ability, be responsible for the support of such person". Section 101-a of the Social Services Law provides: "Proceedings to compel support by persons in need thereof. A recipient of public assistance or care or a person liable to become in need thereof may bring proceedings in a court of competent jurisdiction against any person responsible for his or her support as provided in section one hundred one of this chapter to compel any such person so responsible to provide for or contribute to such support." In bringing this action the plaintiff may be deemed to be acting on behalf of the Department of Social Services, and the defendant, if able, may be compelled to provide enough support to indemnify the public. On remand, Special Term should determine how much of the grant to plaintiff in the aid to families with dependent children category is for her own support and the defendant should be required to support her accordingly. Mollen, P. J., Titone, Mangano and Gibbons, JJ., concur.