*17 OPINION OF THE COURT
Roger J. Miner, J.
Plaintiff moves for temporary alimony and counsel fees, pending the trial of this action wherein she seeks divorce on the ground of cruel and inhuman treatment and defendant counterclaims for the same relief on the same ground and on the further ground of adultery. Defendant contends that the separation agreement entered into by the parties on August 14, 1979 is a bar to the application. Among other things, the agreement includes provisions for the disposition of certain property owned by the parties. There is no mention of support for the plaintiff in the agreement. The preamble of the agreement provides as follows: "the Parties hereto desire to confirm the separation and to make arrangements in connection therewith including the settlement of all questions relating to their property rights and other rights and obligations arising out of their marriage relationship.”
Defendant relies on the general rule that, except where a spouse is indigent, a valid and subsisting separation agreement is a bar to an application for alimony pendente lite. (Marans v Marans, 27 AD2d 735; Moat v Moat, 27 AD2d 895; Kayser v Kayser, 71 AD2d 1015.) Plaintiff argues that the cases cited by defendant in support of his contention are inapposite, since they involve separation agreements containing provisions for support or provisions specifically waiving support. This argument is rejected. It is obvious that plaintiff intended to forego any claim for support, since the agreement was designed to settle all questions relating to all rights and obligations arising out of the marital relationship of the parties. Alimony is one of the rights arising out of the relationship. By executing the agreement, with such a significant omission, plaintiff waived any rights to alimony she may have had; the waiver will be recognized under the circumstances revealed here. (Greschler v Greschler, 71 AD2d 322.)
Plaintiff is a school teacher with a gross annual salary of $12,300. She has no debts and owns an automobile valued at $2,800. She admits to cash on hand in the sum of $500 and it appears that she received $4,000 from defendant in August of 1979 under the terms of the separation agreement. Under such circumstances, the plaintiff is not entitled to the allowance of a counsel fee. (Matter of Frye v Frye, 68 AD2d 989.)
The application is denied in all respects.