OPINION OF THE COURT
Jack Turret, J.
This application pursuant to section 37-a (subd 6, par [b]) of the Domestic Relations Law seeks to vacate the registration of a foreign child support order.
The respondent father’s objections are set forth in reasons designated (a) — (p) and are dealt with seriatim:
(a) “The Judgment of divorce * * * lacks a decretal paragraph requiring the payment of child support.”
The Circuit Court for Montgomery County, Maryland, Divorce Decree No. 75325, dated May 7,1982, incorporates but does not merge the separation agreement entered into by the parties on July 30, 1980. That agreement contains specific provision for child support ($1,200 per month). This argument fails.
(b) “Even though the order incorporates a separation agreement, the amount provided in the agreement has been *811 modified * * * while the order has never been modified.” Whether Maryland law permits modification of a divorce decree, incorporating but not merging child support provisions by an out-of-court agreement without court approval, is of no moment in the instant case. The very filing and forwarding of these papers by the Maryland court indicates to this court that this particular modification bears the imprimatur of the Maryland court.
(c) There is no provision for enforcement of arrears under registration pursuant to section 37-a of the Domestic Relations Law.
The courts in Matter of Post v Moore (99 Misc 2d 812), Hotetz v Hotetz (60 Misc 2d 271), and Matter of County of Santa Clara v Hughes (43 Misc 2d 559) have held there is no jurisdiction over arrears in an article 3-A of the Domestic Relations Law (Uniform Support of Dependénts Law) proceeding. In Matter of Gemmiti v Beagle (94 Misc 2d 588, 594), while acknowledging New York’s Uniform Support of Dependents Law does not specifically provide for the granting of arrears, the court by way of obiter dicta suggested “to give full breadth to the meaning the Legislature intended when it drafted article 3-A, and in particular subdivision 2 of section 34 of the Domestic Relations Law, this court would conclude that one must also look to other provisions of the Family Court Act and Social Services Law to determine whether New York as a responding State can order the payment of arrearages.”
The court added (supra, p 595) that “[t]he rather long and tortuous route that the court has taken to reach a conclusion; albeit obiter dicta, that New York law would allow arrearages to a California petitioner coming into New York coupled with the fact that the Santa Clara and Hotetz (supra) cases hold otherwise indicate that this may be an area for the Legislature to address in order to make its intent more manifest. Without question, if California and other States are willing to help New York dependents and the Department of Social Services recapture arrearages through their Reciprocal Enforcement of Support Acts, certainly New York should do the same. The court does not believe that the Legislature intended differently *812 when it enacted its Uniform Support of Dependents Law, but it does concede that such intent could be stated in a clearer manner.”
Subsequently, based on the precedent set forth by the majority of the afore-mentioned decisions and there having been no further legislative clarification, the court in Jane S. D. v Francis X. D. (110 Misc 2d 737), held that an award or cancellation of arrears may not be made under section 37-a of the Domestic Relations Law.
In a recent case, the Appellate Division, Second Department, has held in Matter of Lee v De Haven (87 AD2d 576-577) that, “[w]hile such jurisdiction is not explicitly conferred by section 34 of the Domestic Relations Law, it is conferred by subdivision 1 of section 460 of the Family Court Act, which is made applicable to proceedings under the Uniform Support of Dependents Law by subdivision 1 of section 37 of the Domestic Relations Law” (citing Matter of Gemmiti v Beagle, supra).
The procedures outlined in subdivision 1 of section 37 of the Domestic Relations Law are not applicable to section 37-a. Section 37-a was enacted as an “additional” remedy (subd 1) to those already encompassed in article 3-A of the Domestic Relations Law and contains its own procedures. It was enacted to provide a more facile procedure than the “attenuated” procedures presently in existence at that time under article 3-A (see Memorandum of State Dept of Social Servs, McKinney’s Sessions Laws of NY, 1980, p 1741). In many ways, it is analogous to CPLR article 54 which provides for registration of foreign judgments. Applying this analogy, both procedures are ministerial only. (Domestic Relations Law, § 37-a, subd 5, par [a]; Glotzer v Glotzer, 112 Misc 2d-851, 853.) They have the effect of making a foreign judgment (or order) a judgment (or order) of New York State (Domestic Relations Law, § 37-a, subd 6, par [a]; CPLR 5402, subd [b]) and nothing more.
Only after registration is accomplished may one seek enforcement (and arrears) through the same methods applicable to a New York order in a supplementary proceeding (see Domestic Relations Law, § 37-a, subd 6, par [c]; CPLR art 54; Ehrenzweig v Ehrenzweig, 86 Misc 2d 656, *813 affd 61 AD2d 1003; Glotzer v Glotzer, supra). In that proceeding, before arrears can be awarded, it must be shown that arrears are vested and nonmodifiable. (Tannenberg v Beldock, 68 AD2d 307.) Registration of a foreign support order under section 37-a does not entitle petitioner to arrears. Nor does the fact arrears may eventually be sought preclude registration.
The reasons designated: (d) — (f) are without merit as they put forth no legal basis for vacating registration.
(g) Section 37-a is unconstitutional because it permits enforcement without due notice or an opportunity to be heard.
Section 37-a (subd 6, par [b]) affords a respondent mail notice of registration. Moreover, again continuing the analogy with CPLR article 54: “The entry of a judgment of another State as our own judgment presents no due process problems because there is a presumption that the party against whom the judgment was rendered was, at the time, subject to the jurisdiction of the foreign court and had a full and fair opportunity to defend that action. Giving, as we do, full faith and credit to the judicial judgments and decrees of the courts of sister States, there is no due process impediment to entering such a judgment in this State and enforcing it, even though this defendant may never have been here. Under the usual circumstances enforcement of such a judgment becomes no problem because the rights of the parties have already been adjudicated, the entry of judgment is a purely ministerial act and no further finding of fact is necessary.” (Glotzer v Glotzer, supra, p 853.)
(h) — (1) These arguments have either been dealt with previously or are without merit.
(m) — (n) Section 37-a (subd 5, par [a]) of the Domestic Relations Law procedures have been complied with.
(o) — (p) Again, these reasons have either been dealt with or are without merit.
Respondent’s application to vacate is denied, and the registered child support order is confirmed. (Domestic Relations Law, § 37-a, subd 6, par [b].)