■ SALLY B. STERN, Respondent, v ROBERT J. STERN, Appellant.—Order of the Supreme Court, New York County, entered June 23, 1977, which granted plaintiff wife's motion to quash a subpoena duces tecum served upon her employer by defendant husband, unanimously reversed, on the law, without costs or disbursements, and motion to quash the subpoena is denied. The matter is remanded for further proceedings, not inconsistent with this memorandum. In this proceeding where respondent wife is seeking in addition to other relief increased child support from appellant husband, we are of the opinion that Special Term, in quashing the subpoena duces tecum issued by the attorney for the husband upon his wife's employer seeking information as to her salary along with other benefits and income was in error in ruling that such information was irrelevant. Although section 32 of the Domestic Relations Law does provide that a father has primary responsibility for the support of his child, nevertheless, under sections 413 and 414 of the Family Court Act, responsibility for the support of their children devolves upon both father and mother. Therefore, it is within the power and the duty of the court having jurisdiction over the parties to apportion the cost of such support between them in accordance with their respective means and responsibilities without regard to the sex of the parents (*Matter of Carter v Carter,* 58 AD2d 438). We do not find the provision in the separation agreement providing "[t]he Husband is currently supporting the Child" to be an immutable undertaking. There is no need here to consider defendant's challenge to the constitutionality of section 32 of the Domestic Relations Law. That section, when read in conjunction with section 240 of the Domestic Relations Law, permits the court to "make provision for the education and maintenance of such child out of the property of either or both of its parents." Plaintiff's financial status therefore is relevant to the proceeding. Concur—Kupferman, J. P., Birns, Silverman and Lane, JJ.