OPINION OF THE COURT
Edward J. McLaughlin, J.
In a uniform support proceeding the petitioner and the respondent each appear in different courts, the petitioner in the initiating court, and the respondent in the responding court. The function of the initiating court is not clearly set forth in the Uniform Support of Dependents Law (Domestic Relations Law, art 3-A). Indeed, whether the function of the initiating court is primarily administrative and ministerial during the initial stages of such a proceeding, or, whether there is a judicial function for the court to perform, is a question which has not been resolved by either the language of the statute or by case law.
The statute states that if the respondent cannot be found in the initiating State, the Judge of the court of the initiating State shall certify that a verified petition has been filed in his court and "that, in his opinion, the respondent should be compelled to answer such petition and should be dealt with according to law” (Domestic Relations Law, § 37, subd 3). The court then transmits "such certificate and certified copies of such petition” to the appropriate court in the responding State.
What it is that the court is required to evaluate in order to make its decision is the subject of the analysis of the case now before this court.
The petition seeking support now before the court involves a request for $75 per week for the support of three children. The mother of the children, and respondent, the children’s father, previously entered into a separation agreement, which contained specific arrangements for the support of their three children. In the 1971 agreement respondent agreed to make a payment of $35 per week for the support of the three children. This he has done. Absent a showing of extraordinary circumstances or an unfair, inequitable agreement, is the initiating court able to certify that the petitioner *793 is entitled to more support for the children than the sum agreed upon by the parties in their separation agreement? In light of the recent holding by the New York Court of Appeals in Matter of Boden v Boden (42 NY2d 210) this court finds that, absent a showing of extraordinary circumstances or testimony that the agreement was not fair and equitable when it was entered into, petitioner is entitled to the amount agreed to in the separation agreement for child support and that is the only sum that this court may certify to the responding court.
I. FACTORS FOR THE COURT TO CONSIDER IN UNIFORM SUPPORT PROCEEDINGS
In a uniform support proceeding there are four factors for the initiating and responding courts to consider — the need of the petitioner, the entitlement of the petitioner, the duty of the respondent, and, the ability of the respondent to meet the needs of the petitioner. A uniform support proceeding is commenced when the petitioner files a verified petition "alleging that he is in need of and is entitled to support from the respondent” (Domestic Relations Law, § 37, subd 1).
A. NEED OF THE PETITIONER
The initiating court transmits to the responding court a recommendation of need (Domestic Relations Law, § 37, subds 1, 3). Nothing more must be presented to the initiating court than an assertion of the amount of need, properly sworn to (Domestic Relations Law, § 37, subd 1). It is not necessary for the Judge in the initiating court to specify in the certificate the amount required for support. (Harmon v Harmon, 160 Cal App 2d 47, cert den 358 US 881.) It is the responding court that actually determines the needs of the petitioner when the respondent appears. If the respondent denies any of the material allegations of the petition (Domestic Relations Law, § 37, subd 6) the transcript of the respondent’s testimony is sent to the court of the initiating State for that court to take proof from the petitioner. Then, the respondent may challenge the petitioner’s proof in the court of the responding State (Domestic Relations Law, § 37, subds 8, 9). The court of the responding State makes the final order of support (Domestic Relations Law, § 37, subd 11). Were not the responding court able to evaluate the facts presented by each petition, it would merely be acting as an appellate court for the initiating court, a *794 result not indicated by the specific wording of the statute, which says that the responding court is to find and to determine if the petitioner is in need of support (Domestic Relations Law, § 37, subd 11).
B. ENTITLEMENT OF THE PETITIONER
The verified petition that commences a uniform support proceeding alleges that the petitioner is entitled to support from the respondent (Domestic Relations Law, § 37, subd 1). If the initiating court makes a finding of entitlement limited solely to a finding that the petitioner is a person authorized to initiate a proceeding, it would, essentially, be finding precisely the same thing as duty, and it is the responsibility of the responding court to find the duty of support (Domestic Relations Law, § 37, subd 11). If the responding court merely affirmed the assertion made by the initiating court that the wife or child is entitled to support, the responding court would be cast in the role of an appellate court. On the other hand, if the initiating court is to determine entitlement, it must have more to do than to perform the purely ministerial function of seeing that the petition is correctly filled in.
C. THE RIGHT OF THE PETITIONER/ THE DUTY OF THE RESPONDENT
The purpose of the Uniform Support of Dependents Law is "to secure support in civil proceedings for dependent wives, children and poor relatives from persons legally responsible for their support” (Domestic Relations Law, § 30). Thus, entitlement, which is certified by the initiating court, is a statement by the court that the petitioner has a ground for seeking or claiming support and that the petitioner is qualified to do so under the uniform support laws of the State of the initiating court. Duty, on the other hand, is the correlative of the right, or entitlement, to support and falls upon the respondent in uniform support proceedings. Thus, duty is determined by the responding court under the laws of the State of the responding court. Entitlement and duty are not synonymous. Rather, entitlement refers to the rights of the petitioner and duty to the legal liability of the respondent. This balancing of the petitioner’s entitlement to support and the respondent’s duty to support has primarily been addressed by the courts from the perspective of the respondent. (See, e.g., O’Hara v Floyd, 47 Ala App 619; Neff v Johnson, 391 SW2d 760 [Texas]; *795 Mahan v Read, 240 N.C. 641; Rosenberg v Rosenberg, 152 Me 161.) However, in a recent informal opinion of the New York Attorney-General entitlement and duty were merged as one concept. (1976 Atty Gen [Inf Opns] 236, 237.) In a letter to the County Attorney of Orleans County, the Attorney-General stated that "in a child support proceeding commenced in New York and forwarded to California pursuant to New York’s Uniform Support of Dependents Law, which is entitled to reciprocity because of its similarity to the Uniform Reciprocal Enforcement of Support Act, adopted by California, California Law applies in determining whether an 18 year old New York resident is entitled to support from her father who resides in California.”
A more precise balancing of the rights of the petitioner with the duties of the respondent is found in the decisions of foreign courts that have addressed the distinction. For instance, in Prager v Smith (195 A2d 257, 258-259) the District of Columbia Court of Appeals outlined the respective functions of the initiating and responding State courts: "Where [the] suit was commenced * * * in New York, that court had the primary duty under the statute to decide if * * * (there was) a prima facie showing of a need for support for the children and that they were entitled to support from the nonresident father * * * When * * * [the] petition was forwarded here, the responding court had to determine under our local statute whether appellant owed a duty of support and, if so, the amount he should be required to pay for that purpose.”
Thus, it is possible that while a petitioner can be entitled to support under the laws of the State of the initiating court, the respondent may have no duty to provide support under the laws of the State of the responding court.
Confusion in the distinction between entitlement and duty seems to be created by the language found in some opinions which suggests that the initiating court find a duty of support on the part of the respondent. (See, e.g., Matter of Duncan, 17 Ohio Opns 2d 21; Paul v Paul, 439 SW2d 746 [Mo].) More clearly, such a duty of support may be ascertained by determining that there is "an obligor-obligee relationship,” (Cobbe v Cobbe, 163 A2d 333, 336 [DC Mun Ct of App]) or, by finding that a petitioner is entitled to support.
Thus, for instance, when under the law of the initiating State, a parent is entitled to support from a child, if under the law of the responding State no such duty is found, the laws *796 are not reciprocal, and, the petition for support will not result in a support order being issued by a court of the responding State. (Matter of State Welfare Comr. v Mintz, 28 AD2d 14; see, also, Matter of County of Santa Clara of State of Cal. v Hughes, 43 Misc 2d 559; Department of Mental Hygiene of State of Cal. v Judd, 45 NJ 46.)
The court of the responding State, since it is not an appellate court for the court of the initiating State must respect the determination of the initiating court that entitlement exists for the petitioner, just as the court of the initiating State accedes to the responding court’s determination of the duty of the respondent. In cases of error, the appeals procedure of the responding State must be used. (See, e.g., Department of Mental Hygiene of State of Cal. v Judd, supra.)
D. ABILITY OF THE RESPONDENT
The ability of the respondent to pay is determined by the responding court (Domestic Relations Law, § 37, subds 11, 12). Clearly, the initiating court has no role to play in evaluating the respondent’s means and circumstances.
II. THE INITIATING COURT DETERMINES ENTITLEMENT
A review of what the initiating court does not do is helpful in determining what the court should do. The initiating court is not asked to determine petitioner’s credibility, for the petitioner does not appear before the court in the initial stage of the proceeding (Domestic Relations Law, § 37, subds 1, 5). Nor is the initiating court required to evaluate the sufficiency of the testimony presented to it in the initial stages of the proceeding. (See Part A, infra.) By a process of elimination, then, entitlement, which the court is directed to determine (Domestic Relations Law, § 37, subd 1) must mean that the petitioner is entitled to support under the laws of the initiating State and that that is the finding that the responding court needs the initiating court to make. Such a finding is not limited just to determining what individual is entitled to support, but rather obliges the initiating court to determine that there is entitlement both as to the amount that the individual is entitled to as well as that the individual per se is entitled to receive support. If, therefore, the laws of the initiating State limit entitlement of an amount, the initiating court may not find entitlement in excess of that amount. For *797 example, if the petitioner is the Commissioner of Social Services, under the Uniform Support of Dependents Law he is only entitled to the amount necessary to reimburse him totally for the amount of assistance which the recipient of assistance receives. If, therefore, the initiating court should find that under the testimony presented to it the recipient had needs of $100 per week, but the commissioner only paid $50 per week, the court would find needs in the amount of $100 per week and entitlement in the amount of $50.
Here, the parties entered into a separation agreement which provided that respondent pay petitioner $35 per week for child support. Thus, petitioner is entitled to $35 per week from the respondent for child support.
III. THE EFFECT OF SEPARATION AGREEMENTS ON DETERMINATIONS OF ENTITLEMENT IN UNIFORM SUPPORT PROCEEDINGS
Proceedings under the Uniform Support of Dependents Law are separate proceedings over which the Family Court has jurisdiction. (Lebedeff v Lebedeff, 17 NY2d 557.) The Uniform Support of Dependents Law provides an additional or alternative remedy to a party and "shall in no way affect or impair any other remedy” (Domestic Relations Law, § 41). Further, it has long been the law that "courts are not bound by the support provisions contained in a separation agreement but are required to provide for the support and welfare of minor children as justice requires.” (Moat v Moat, 27 AD2d 895, 896.)
However, in 1977 the New York Court of Appeals, in a case involving a proceeding for support brought under section 413 of the Family Court Act, stated that, "[a]bsent a showing of an unanticipated and unreasonable change in circumstances, the support provisions of the [separation] agreement should not be disturbed.” (Matter of Boden v Boden, 42 NY2d 210, 213, supra.) In holding that the appellate court had abused its discretion in increasing the amount of child support paid by the father in order to cover the child’s college expenses, the court noted (p 213) that "there has been no showing of an unforeseen change in circumstances, or that the agreement was not fair and equitable when entered into.” This court can but conclude that in New York in order to change the amount of support to which a party is entitled when a separation agreement provides for support, the party must show that *798 there has been an unforeseen change in circumstances, or, that the agreement itself was not fair and equitable when entered into. Such testimony has not been presented to this court by the petitioner.
In the absence of such testimony this court must state that while the needs of the petitioner, as presented, are $75 per week, the petitioner is entitled to $35 per week for child support under New York case law. Since the respondent is already paying petitioner $35 per week, there is no need for the court to certify the petition and to transmit it to the court of the responding State. The petition is, therefore, dismissed, without prejudice.
This court is aware that the case of Rovello v Orofino Realty Co. (40 NY2d 633) teaches us that no petition be dismissed on the basis of the pleadings, unless the petitioner is given the benefit of every possible favorable inference. Essentially the standard is "whether there can be fairly gathered from all the averments the requisite allegations of a valid cause of action, cognizable by the courts of this State.” (Cohn v Lionel Corp., 21 NY2d 559, 562.) However, in this matter, the petition is not being dismissed because of a defect in the petition itself, but rather because of a failure of proof in support of the petition.
Ordered that the petition herein be and the same hereby is dismissed, without prejudice.