OPINION OF THE COURT
Robert F. Doran, J.
By petition dated May 27, 1976, the petitioners commenced a proceeding under the Uniform Support of Dependents Law of the State of New York to compel the respondent to pay support to the dependents named in the petition. The petition alleged that respondent was believed to be residing in Riverside, California.
The testimony of the Commissioner of Social Services showed that the total arrearages owed as of March, 1976, were $22,163.40. Those arrearages were owed in part to petitioner La Due and in part to the Department of Social Services. The testimony also stated that the current rate of support was $60 per week. The testimony of petitioner La Due was the same. The petition, testimony and Judge’s certificate were forwarded to California. The Judge’s certificate sought not only enforcement of the $60 per week support payment but also payment toward the arrearages.
A number of support orders were issued by the Superior Court of the State of California in and for the County of Riverside. The critical order was dated April 25, 1977 and was duly filed in the County Clerk’s office of the County of Riverside, California on April 29, 1977 in Judgment Book 246 at page 193. That order set the arrearage due the Department of Social Services, State of New York as of March 31, 1977 in the amount of $7,140 and set the amount owing petitioner La Due at $17,988.40, as of March 31, 1977. The order directed the respondent to pay current support of $80 per month for each of the three children and to pay an additional sum of $60 per month to be applied first to the liquidation of the arrearage owed the Department of Social Services and then to the amount owed to petitioner La Due. Payments due April 1, 1977 were suspended because the respondent was then unemployed, but were to commence 30 days after the respondent became gainfully employed.
By order to show cause dated December 13, 1977, the respondent now seeks to have the provision of the order of the *591 Superior Court of California as to arrearages vacated and set aside as not being authorized pursuant to the provisions of the Uniform Support of Dependents Law of the State of New York (Domestic Relations Law, art 3-A). The respondent argues that subdivision 2 of section 34 of the Domestic Relations Law should control, and under that section, the California court had no power to grant an order mandating reimbursement for past expenditures. The respondent argues that the Judge’s certificate of the Saratoga County Family Court was erroneous in that the Judge had no authority to request that payment toward arrearages be ordered by the California court.
The petitioners contend that the arrearage issue was completely litigated in the California court and this court must give full faith and credit to the California judgment. The petitioners also contend that, in any event, the law of California applied to this matter when it was litigated in the Superior Court of California, and under that law, arrearages may properly be ordered to be paid.
There is no question in the court’s mind that there is a difference between the pertinent provisions of the law of each of the States involved. New York’s Uniform Support of Dependents Law does not specifically provide for the granting of arrearages (Domestic Relations Law, § 34, subd 2). California’s law, which is entitled Uniform Reciprocal Enforcement of Support Act, specifically does allow for arrearages (Cal Code Civ Pro, § 1683).
The orders received from the California court indicate that its orders for support were entered pursuant to the California Uniform Reciprocal Enforcement of Support Act. The critical order dated April 25, 1977 was not subject to modification and was reduced to judgment by a proper filing in the County Clerk’s office of Riverside County in Judgment Book 246 at page 193. The court also notes that there is no question that the respondent was properly served in California and appeared in person and by counsel.
 Under the full faith and credit clause of the United States Constitution (US Const, art IV, § 1) all State and Federal courts, territorial courts and courts of the District of Columbia must recognize the validly rendered judgments of one another. In this case, there is no question but that the judgment of the California court was validly rendered, since it had in personam jurisdiction of the respondent through proper service and his appearance. The mere fact that New *592 York’s Uniform Support of Dependents Law provisions do not specifically recognize a cause of action for arrearages is no reason to fail to give full faith and credit to the California judgment in this case. New York has adopted a very broad policy of recognizing foreign adjudication. For example, New York has expressly abolished the cause of action for alienation of affection. But if such a cause of action is recognized in another jurisdiction and the foreign court, with proper jurisdiction, renders judgment on it, New York will recognize the judgment (Parker v Hoefer, 2 NY2d 612).
Even if we assume that the California court erred in interpreting its own law or in failing to apply the proper State’s law, this still would not be a ground for refusing recognition of the judgment (Fauntleroy v Lum, 210 US 230). The respondent’s remedy should have been to follow the appellate path in California.
Assuming, arguendo, that this court could somehow sit as an appellate court over the California judgment in this matter, it would be faced with determining under the applicable choice-of-law rules whether to apply California or New York law.
Initially, it should be noted that the Uniform Reciprocal Enforcement of Support Act itself creates no duties of family support but leaves this matter to the Legislatures of the several States (see Commissioner’s Prefatory Note to the Uniform Reciprocal Enforcement of Support Act, 1968 Revised Act, 9 Uniform Laws Annotated, p 806). Similarly, the court in Matter of Slochowsky v Lavine (73 Misc 2d 563, 568-569) recognized that New York’s Uniform Support of Dependents Law does not create an independent obligation apart from governing substantive support statutes.
Section 7 of the Uniform Reciprocal Enforcement of Support Act provides: “Duties of support applicable under this Act are those imposed under the laws of any state where the obligor was present for the period during which support is sought. The obligor is presumed to have been present in the responding state during the period for which support is sought until otherwise shown.”
In construing this section, courts have consistently held that the laws of the responding State, where the alleged obligor resides, are to be applied in determining whether there exists a duty of support (State of New Jersey v Morales, 35 Ohio App 2d 56; Engelson v Mallea, 180 NW2d 127 [Iowa]; *593 M v W, 352 Mass 704; Wheeler v Wheeler, 196 Kan 697; Lambrou v Berna, 154 Me 352; Neff v Johnson, 391 SW2d 760 [Tex]).
Since California law contains a provision with language identical to the Uniform Reciprocal Enforcement of Support Act (West’s Ann Code Civ Pro, § 1670), and since it does not appear that the arrearages sought were for a period when the respondent resided in New York, it is reasonable to conclude that this court in sitting as appellate court in the matter, consistent with the above-cited cases, would have to apply California law in determining whether the arrearages sought could be ordered paid.
Although New York’s Uniform Support of Dependents Law contains no provision similar to section 7 of the Uniform Reciprocal Enforcement of Support Act, the following analysis by the court in Martin v Martin (58 Misc 2d 459, 461) is instructive as to choice of law: "However, the Uniform Reciprocal Enforcement of Support Act of California and the New York Uniform Support of Dependents Law are not identical, and although substantially similar (Landes v. Landes, 1 N Y 2d 358), there is a substantial difference in respect to the persons liable for the support of dependents (Ross v. Ross, 206 Misc. 1073, 1075) and in the matter of procedural detail (Matter of County of Santa Clara v. Hughes, 43 Misc 2d 559, 564-565). Moreover, in resolving the legal rights and liabilities of the respective parties, this court, where there are differences, is governed by the New York, rather than the California statute (Matter of County of Santa Clara v. Hughes, supra, p. 565; Matter of Trent v. Loru, 57 Misc 2d 382, 386) so that if any relief is to be given to the petitioner in this State it must be under New York rather than California law (Ross v. Ross, supra, p. 1076).”
Similarly, in Matter of Fleischer v Fleischer (24 AD2d 667), a support proceeding commenced by a Florida resident against a New York respondent, New York law was applied in determining whether respondent was obligated to support the petitioner.
In light of the foregoing, this court would conclude that in a support proceeding commenced in New York and forwarded to California for enforcement pursuant to New York’s Uniform Support of Dependents Law, which is entitled to reciprocity because of its similarity to the Uniform Reciprocal Enforcement of Support Act adopted by California, California *594 law would have to be applied in determining whether respondent could be ordered to pay arrearages.
Further assuming, arguendo, that this court could somehow again sit as an appellate court over the California judgment in this matter and New York, rather than California, law applied, the court would still hold that the respondent was properly required to pay arrearages. In this situation, the respondent would argue that under subdivision 2 of section 34 of the Domestic Relations Law, the court would have no power to order the payment of arrearages. The respondent points to the following cases which support his position (Matter of County of Santa Clara v Hughes, 43 Misc 2d 559; Hotetz v Hotetz, 60 Misc 2d 271).
This court would hold contrary to my learned brethren in the Santa Clara and Hotetz cases. It is true that if one looks solely to New York’s Uniform Support of Dependents Law (Domestic Relations Law, art 3-A), one might conclude in a case where New York was the responding State and California was the initiating State that there would be no authority to issue an order mandating that the respondent in New York pay arrearages, even though the California papers requested an order requiring payment of such arrearages.
This court believes it is more proper to look at the whole breadth of support provisions in New York State and not merely those in article 3-A of the Domestic Relations Law. As stated above, New York’s Uniform Support of Dependents Law does not create an independent obligation apart from governing substantive support statutes. Thus, to give full breadth to the meaning the Legislature intended when it drafted article 3-A, and in particular subdivision 2 of section 34 of the Domestic Relations Law, this court would conclude that one must also look to other provisions of the Family Court Act and Social Services Law to determine whether New York as a responding State can order the payment of arrearages.
There is no question that under a support case not involving the Uniform Support of Dependents Law, the Family Court may, under article 4, issue many types of orders regarding arrearages, including the cancellation of any and all arrearages (Family Ct Act, § 458).
This court further notes that the Family Court clearly has jurisdiction under section 460 of the Family Court Act to enter a money judgment for arrearages where an order of *595 support has previously been issued under article 3-A of the Domestic Relations Law and the responding party defaults in paying any of the support money due under that order.
Thus, to this court, it seems clear that if there is power to enter a judgment under that situation it also seems clear that this court has the power to initially enter an order dealing with arrearages under article 3-A when it comes into New York for the first time from the initiating State and the papers from the State request such an order. Of course, New York as the responding State would have the power to order testimony taken to determine the proper amount of arrearages, if any.
The rather long and tortuous route that the court has taken to reach a conclusion, albeit obiter dicta, that New York law would allow arrearages to a California petitioner coming into New York coupled with the fact that the Santa Clara and Hotetz (supra) cases hold otherwise indicate that this may be an area for the Legislature to address in order to make its intent more manifest. Without question, if California and other States are willing to help New York dependents and the Departments of Social Services recapture arrearages through their Reciprocal Enforcement of Support Acts, certainly New York should do the same. The court does not believe that the Legislature intended differently when it enacted its Uniform Support of Dependents Law, but it does concede that such intent could be stated in a clearer manner.