*813 OPINION OF THE COURT
Daniel A. De Pasquale, J.
Petitioner is a resident of Pennsylvania and has brought this proceeding under the Uniform Support of Dependents Law (Domestic Relations Law, §§ 30-43) against his former wife, a resident of New York, seeking support for their infant son who resides in Pennsylvania with petitioner.
Respondent challenges petitioner’s entitlement to such support under New York law, interpreting the Uniform Support of Dependents Law (USDL) to place primary responsibility for child support upon the father. Petitioner, it is alleged, is financially able to support the infant son. In addition, respondent has custody of the parties’ daughter and interposes a counterclaim for arrearages accrued under a Pennsylvania court’s order of support.
With regard to the petition, respondent argues that, under section 32 of the Domestic Relations Law, she can be deemed a person legally liable for support only if the court finds that the father is incapable of providing such support. Absent such a finding, the mother’s means and abilities may not be considered. In response, petitioner accepts this construction of the New York law, but argues that, because the child for whom support is sought is a Pennsylvania resident, Pennsylvania law should apply and apportionment should be ordered.
Both petitioner and respondent misread the USDL and the applicable case law. Once the initiating court makes its preliminary determination as to petitioner’s right to support and the proceeding is forwarded, the responding court determines whether the respondent owes a corresponding duty to the petitioner. (See Matter of Huffman v Huffman, 93 Misc 2d 790.) The laws of the responding State are applied when determining whether such a duty exists. (See Matter of Gemmiti v Beagle, 94 Misc 2d 588, 592; Matter of Huffman v Huffman, supra, p 795.)
On the other hand, respondent’s restrictive reading of the USDL is inconsistent with current decisional law. Recently, the Appellate Division, Second Department, interpreted sections 413 and 414 of the Family Court Act to authorize apportionment of the costs of a child’s support between his father and mother according to their respective means and responsibilities. (Matter of Carter v Carter, 58 AD2d 438.) Section 32 of the Domestic Relations Law, al *814 though perhaps less susceptible to a similar interpretation, has nevertheless been construed to permit apportionment by the Family Court. (Stern v Stern, 59 AD2d 857.) Since the USDL creates no independent obligation apart from existing substantive support statutes (Matter of Slochowsky v Lavine, 73 Misc 2d 563), but, rather, represents a mere procedural conduit, it follows that analysis of the Family Court Act’s support provisions is appropriate. Moreover, to the extent that section 32 of the Domestic Relations Law is not so construed, it may not pass constitutional muster. (See Orr v Orr, 440 US 268.)
Therefore, this court is authorized on this application to assess the means and abilities of both the father and mother.
Analysis of the sketchy financial data supplied by the parties[2] reveals that petitioner’s weekly expenses are met by his net income, although there is little surplus income available for unanticipated expenditures. At the hearing, petitioner testified as to several additional expenses or increases which his financial affidavit did not reflect, but these items could be accommodated by petitioner’s annual bonus, also not entered in the affidavit. Petitioner appears able to make ends meet even though his obligations include support for both the parties’ children.[3]
On the other hand, respondent’s income tax returns (filed jointly with her current husband) indicate a loss of approximately $1,500 for taxable year 1977. This suggests that respondent is not, at this time, in a position to assist petitioner with the support of their son. Accordingly, apportionment is not required and the petition is dismissed.
With regard to respondent’s counterclaim, the court is compelled to dismiss for lack of jurisdiction. New York’s USDL does not authorize the Family Court to order reimbursement for moneys expended or for accrued arrearages. (See Hotetz v Hotetz, 60 Misc 2d 271; Matter of Santa Clara v Hughes, 43 Misc 2d 559; contra, Matter of Gemmiti v Beagle, 94 Misc 2d 588, supra.) Such an order is particularly inappropriate where, as here, the initiating court’s order relied upon *815 recites no actual Ague but, instead, defers to the records of the oAicial agency authorized to collect and distribute support payments.[4] Moreover, correspondence received by this court indicates that there are matters pending in Pennsylvania courts, which would be a more appropriate forum for consideration of this claim.
Petition and counterclaim dismissed in accordance with the foregoing.

. Petitioner has not submitted income tax returns, so it is impossible to determine whether the petitioner’s current wife contributes income to the household. Respondent has completed only a small portion of the official expense and earning statement, apparently choosing to rely on a mere four-month balance sheet.

. Respondent, nevertheless, has claimed the daughter as an exemption on the income tax returns.

. These records are continually subject to modification and, consequently, the order of the Chester County Court of Common Pleas contains no true fact finding as to the accrued and vested arrearages. A judgment taken in Pennsylvania and filed in New York State would, however, be enforceable. (See CPLR art 54; Wolfe v Wolfe, 64 AD2d 700.)