OPINION OF THE COURT
Bruce M. Kaplan, J.
Respondent Noel Jay F. moved to dismiss an application for upward modification of child support made pursuant to article 3-A of the Domestic Relations Law, the Uniform Support of Dependents Law (USDL). Petitioner contended that expenses for her son have increased, and that California law permits her to obtain upward modification. Respondent contended that under Npw York law petitioner is not entitled to the requested relief.
The request for upward modification is denied but respondent is directed to pay the costs of orthodontia for his son, Jason.
The parties were divorced in 1970 by a judgment of the Superior Court of California, Los Angeles County. The property settlement agreement incorporated, but not merged into the judgment provided that respondent would pay $25 per week for child support.
*532 Petitioner instituted a proceeding in California under the Uniform Reciprocal Enforcement of Support Act, that State’s companion statute to the USDL, to increase the amount of child support to be paid by respondent, a New York resident.
Under these reciprocal acts, a petition is filed in the court of the initiating State alleging that petitioner is in need of and entitled to support. (Domestic Relations Law, § 37, subd 1.) The Judge of the initiating court certifies that a verified petition has been filed in his court alleging that the respondent is believed to be residing or domiciled in the responding State, and should be compelled to answer such petition and dealt with according to law. (Domestic Relations Law, § 37, subds 1, 3.)
The salient determination made by the initiating court is that under the State law of the initiating court the petitioner is entitled to support. If the initiating court fails to make that determination, it will not transmit its certificate and the petition to the responding State. If it does determine that petitioner is entitled to support, it will transmit the certificate and the petition to the responding court.
When the certificate and petition are transmitted, the salient determination that must be made by the responding court is whether the respondent has a duty to furnish support under the law of the State of the responding court.
A cogent analysis of the respective responsibilities of the initiating and responding courts is contained in Matter of Huffman v Huffman (93 Misc 2d 790).
Judge McLaughlin held that under USDL proceedings it is the function of the initiating court to certify that under its laws a petitioner is entitled to support, and the function of the responding court to determine under its laws whether respondent has a duty to furnish support. He noted (p 795) that: “[I]t is possible that while a petitioner can be entitled to support under the laws of the State of the initiating court, the respondent may have no duty to provide support under the laws of the State of the responding court.”
*533 Judge McLaughlin was requested to certify a petition seeking support for three children in the amount of $75 per week, although there existed a support agreement obligating respondent to pay $35 per week for the children’s support. He held that in the absence of unforeseen circumstances, or an unfair inequitable agreement the initiating court would not certify a sum that is greater than that mandated by the separation agreement to the responding court. He made this determination under authority of Matter of Boden v Boden (42 NY2d 210). He noted that it was undisputed that the respondent had complied with the separation agreement, and dismissed the petition.
In the instant situation respondent’s duty to furnish support is determined by New York law. Since there is no dispute that respondent is making the child support payments called for under the agreement, the question becomes under what circumstances is petitioner entitled to upward modification. Under Matter of Boden v Boden (supra), the controlling New York case, petitioner must show that the agreement was unfair and inequitable, or that circumstances unanticipated by the parties have taken place since the agreement was executed.
Petitioner has claimed increased needs in her affidavit of January 6, 1980, but they are not due to circumstances unforeseen when the parties entered into the agreement.
Indeed, the largest single item in petitioner’s affidavit is the cost of orthodontia. Far from being unforeseen by the parties, paragraph 16 of the agreement specifically obligates respondent to pay for extraordinary medical expenses including orthodontia. Accordingly, that aspect of the petition seeking upward modification is dismissed. However, respondent concedes that the agreement is fully in effect, and fair and equitable. Under these circumstances he is ordered to pay the cost of Jason’s orthodontia.
While it might be argued that any statements in Matter of Huffman v Huffman (93 Misc 2d 790, supra) respecting the functions of the responding court are dicta, *534 such an argument would lack merit. What is involved here is whether under New York law a respondent is obligated to pay child support greater than that specified in a support agreement that was neither unfair nor inequitable absent proof of unforeseen circumstances. While, as Judge McLaughlin suggested, a petitioner may be entitled to support while a respondent had no duty to furnish it, it is patent that a respondent can never have a duty to furnish support in an amount greater than that petitioner is entitled to. Where New York law would preclude entitlement, a fortiori, it would foreclose a duty to pay.
In addition, where the question of the function of the responding court was directly an issue, New York courts have held that the laws of the responding State are to be applied in determining whether a respondent owes a duty of support.
In Matter of Post v Moore (99 Misc 2d 812) the court applied New York law, and dismissed a USDL petition where it appeared that respondent lacked the means to furnish support. In Matter of Fleischer v Fleischer (24 AD2d 667) the court affirmed the Family Court order which had refused to recognize that portion of a USDL petition seeking enforcement of alimony to a former wife under a Florida divorce decree. It held that under the New York statute a former wife was not entitled to support. The thrust of petitioner’s thorough and well-crafted memorandum is that this court should apply California law because paragraph 4 of the property settlement agreement provides that it shall be construed and interpreted under California law. It would seem that petitioner has mistakenly posited that the court has before it an action brought on a California contract.
This is not correct. The proceeding was brought under article 3-A of the Domestic Relations Law which provides an additional or alternative civil remedy which in no way affects or impairs any other remedy available to petitioner. (Domestic Relations Law, § 41; Matter of Huffman v Huffman, 93 Misc 2d 790, supra.) It may well be that respondent would be amenable to suit in California *535 with jurisdiction acquired under that State’s long-arm statute. In such a case, petitioner could certainly assert her rights under California law. (Nichols v Bardua, 74 AD2d 566.) However, she has chosen to proceed under the USDL, and respondent’s duty will be gouged according to New York law.
The plain wording of the agreement requires respondent to pay $25 per week child support, and paragraph 12 of the agreement provides that it cannot be modified except by written amendment executed by the parties. Under these circumstances there is nothing that is in need of construction or interpretation. Moreover, a provision which requires that the agreement be construed under California law is far different than a provision which makes California law applicable no matter what type of proceeding or what jurisdiction is involved.