OPINION OF THE COURT
Adrienne Hofmann Scancarelli, J.
Upon the foregoing papers it is ordered that this motion is denied.
Petitioner is a resident of Oklahoma and has brought this proceeding under the Uniform Support of Dependents Law (USDL) (Domestic Relations Law, §§30-43) against her former husband, a resident of New York, seeking support for their daughter who resides in Oklahoma with petitioner. Respondent, by this motion, argues that because the parties were divorced in Texas, with child support ordered by a Texas court, Texas law should apply and this court lacks jurisdiction.
The purpose of the Uniform Support of Dependents Law is “to secure support in civil proceedings for dependent spouses and children from persons legally responsible for their support.” (Domestic Relations Law, § 30.) Once the initiating court makes its preliminary determination as to petitioner’s right to support and the proceeding is forwarded, the responding court determines whether the re *926 spondent owes a corresponding duty to the petitioner; the latter determination is made according to the laws of the responding State. (See Matter of Post v Moore, 99 Misc 2d 812, 813; Matter of Gemmiti v Beagle, 94 Misc 2d 588, 592-593; Matter of Huffman v Huffman, 93 Misc 2d 790, 794; see, also, Okla Stats Ann, tit 12, § 1600.8.)
This coúrt has jurisdiction for USDL purposes regardless of the State of last residence or domicile of petitioner and respondent. (See Domestic Relations Law, § 34, subd 1.)
Although unnecessary to the decision on this motion, this court notes both petitioner’s and respondent’s apparent confusion as to their respective rights and obligations under USDL. In order to avoid unnecessary and protracted litigation, the court sua sponte feels compelled to define the limited issue before it in this matter.
A District Judge of Muskogee County, Oklahoma, has made the requisite preliminary finding of entitlement prior to forwarding this proceeding, and this court must respect that finding. (See Huffman v Huffman, supra, p 796.) However, the child for whom support is sought attained the age of 18 years on January 1, 1981. Under Oklahoma law, a parent is chargeable with the support of his or her child under the age of 18 years. (Okla Stats Ann, tit 12, § 1277.) Consequently, the Oklahoma court’s certification is one of entitlement until age 18.
This court, in turn, looks to New York law for purposes of adjudicating the extent of respondent’s duty. In doing so, the court finds that the Texas divorce judgment terminated the respondent’s child support obligation on the child’s 18th birthday, and that both parties appeared before the Texas court. In recognition of the valid Texas judgment, and in the absence of strong public policy considerations which would mandate a contrary result, the respondent’s child support obligation under New York law terminated on the child’s 18th birthday.
Thus, the issue remaining before this court is petitioner’s application for an upward modification for the period between the date on which the petition was certified by the Oklahoma court and the child’s 18th birthday.
Accordingly, respondent’s motion to dismiss is denied. Refer to hearing examiner on the sole question of whether, *927 under New York law, a,petition for an increase in child support for the period between July 22, 1980 and January 1, 1981 shall be sustained, and if so, to what extent.