opinion of the court
Mortimer Getzels, J.
This is a proceeding initiated pursuant to the provisions of the Uniform Reciprocal Enforcement of Support Act (Ann. Code of Md, vol 8, art 89C [1980] ed as amd) for registration and enforcement of an order of support for dependent children and a former spouse and arrears. In reply, respondent seeks (1) denial of registration and enforcement of the order on the ground that contrary to the public policy and law of New York it did not apportion child support between the parents in accordance with their respective means, and further that article 3-A of the Domestic Relations Law (Uniform Support of Dependents Law [USDL]) does not provide for the support of a former spouse; (2) cancellation of child support arrears because respondent’s actual contributions to the support of the *738 children far exceeded his legal obligation; (3) an order of visitation; and (4) in the event the petition is not dismissed in its entirety, the right to propound written interrogatories to petitioner.
The parties were married in Maryland on June 4, 1960. There are three children of the marriage, Patrick, born September 21, 1961, Brendan, born October 18, 1963 and Christopher, born February 13, 1969. The parties were divorced in Maryland on August 29, 1972. A decree obtained by petitioner in the Circuit Court for Montgomery County, Maryland, on January 15, 1974, which incorporated by reference an agreement dated October 26, 1973, ordered respondent to pay $250 on the 1st and 15th day of each month for the support of the children, to be divided equally among them until each child becomes 21 years of age or until emancipated, and $50 on the 1st day and 15th day of each month as alimony until petitioner remarries. Petitioner, who has not remarried, still resides in Maryland. A resident of Connecticut, respondent is employed in New York County, which is the basis of the court’s jurisdiction. Both parties appeared and testified at hearings on August 4 and August 18, 1981.
Petitioner lives rent free in a house owned by her father. Her expenses, unallocated between herself and the children, are $1,164.64 a month. Her only source of income is a net salary of $250 per week from employment as a personnel assistant and $250 per month respondent has been paying as child support since January, 1981. She was employed in 1974, but no assessment was made of her ability to contribute to the support of the children. Patrick, 19, is a full-time college student. Brendan, 17, attended boarding school until graduation in June, 1981. Christopher, 12, is in a day school. In the first seven months of 1981, Patrick lived with petitioner three months, Brendan one month. Brendan spent the summer of 1980 with respondent. Patrick had a job for part of that summer and lived with respondent from August 1 until he went back to college on September 1. After graduating from boarding school, Brendan lived with friends until about the end of July when he returned home to petitioner. Christopher spends three and one-half weeks in summer camp.
*739 It is essential to analyze and compare the respective Maryland and New York statutes for compelling support of dependents across State lines. Section 2 of article 89C of the Annotated Code of Maryland (1957 ed as amd) annexed to the petition defines “Duty of support” (subd [g]) as any duty of support imposed by law or any court order, decree or judgment whether incidental to a proceeding for divorce, judicial separation, separate maintenance or otherwise, and “Support order” (subd [k]) as any judgment, decree or order of support regardless of the kind of action in which it is entered. All duties of support, including arrearages, are enforceable irrespective of relationship between the person owing the duty and the person to whom it is owed (Ann. Code of Md, art 89C, § 9). The person to whom the duty is owed may register the foreign support order and have it enforced as if originally entered in a Maryland court (Ann. Code of Md, art 89C, §§32-36). It would appear that the registration benefits of the Uniform Reciprocal Enforcement of Support Act of Maryland extend to both children and a former spouse.
Section 37-a of the Domestic Relations Law of New York, effective on the 60th day after June 10, 1980 pursuant to section 2 of chapter 227 of the Laws of 1980, provides that if the duty of child support is based on a foreign support order of a State which has a reciprocal enforcement of support act, the order may be filed in the Registry of Foreign Child Support Orders and upon registering shall be treated in the same manner as a support order issued by a court of this State “subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a support order of this [S]tate” (§ 37-a, subd 6, par [a]). Effective July 27, 1981, sections 32 and 33 of the Domestic Relations Law respectively were amended to provide that a husband is liable for the support of a former wife and that a wife is liable for the support of a former husband, and that notwithstanding the fact that the respondent has obtained a final decree of divorce or separation in any State or country from the former spouse, respondent is deemed legally liable for support of the former spouse. (L 1981, ch 763.)
May section 37-a and the just amended sections 32 and 33 of the Domestic Relations Law be read together to *740 register and enforce the Maryland order of support for children and a former spouse?
Normally, all parts of a statute are to be harmonized in meaning and effect so that an interpretation of one does not nullify another. (Matter of Albano v Kirby, 36 NY2d 526, 530.) However, by its own words, section 37-a is but an “additional” remedy available to a petitioner seeking enforcement of “the duty of support for any child * * * based on a foreign support order” (beyond the original procedure set forth in section 37). (Domestic Relations Law, § 37-a, subd 1.) When section 37-a was enacted in 1980, a USDL action could be maintained for both the support of a child and spouse (Domestic Relations Law, §§ 32, 33). Yet, the Legislature saw fit to limit subdivision 1 of section 37-a to “the duty of support for any child”. Furthermore, no corresponding amendment to section 37-a was enacted when sections 32 and 33 were amended to allow for action by a “former spouse” (even to provide for support of a spouse). It is unmistakable that the Legislature intended section 37-a to be used solely for child support. Where the Legislature has provided statutory language that is clear and unambiguous, the court should construe it so as to give effect to the plain meaning of the words used. (Patrolmen’s Benevolent Assn. of City of N.Y. v City of New York, 41 NY2d 205.) While section 42 of the Domestic Relations Law enjoins the court to so construe article 3-A “as to effectuate [the] general purpose to make uniform the law of the states which enact it”, there is a manifest gap in New York’s newly fashioned statutory scheme which may not be bridged by judicial interpretation. Accordingly the court holds that it is empowered to register and enforce the Maryland order only with respect to child support.
The respective roles of the initiating and responding courts in a USDL action are set forth in Matter of Huffman v Huffman (93 Misc 2d 790), where the court held that once the initiating court makes its preliminary determination as to the petitioner’s right to support and forwards the proceeding, the responding court determines whether the respondent owes a corresponding duty to the petitioner according to its own laws. Subsequent decisions have adopted this view (see Matter of Gemmiti v Beagle, 94 Misc *741 2d 588; Matter of Post v Moore, 99 Misc 2d 812; Matter of Susan W. v Noel J. F., 107 Misc 2d 531). Thus, regardless of the fact that the Maryland court may or may not have taken into account the respective financial circumstances of the parties, New York may do so. (Matter of Post v Moore, supra.)
Although New York law requires apportionment of the costs of child support between parents in accordance with their respective means and responsibilities (Matter of Carter v Carter, 58 AD2d 438; Tessler v Siegel, 59 AD2d 846; Stern v Stern, 59 AD2d 857), the court is unable to make such an apportionment in the instant case since respondent has introduced no evidence of his financial circumstances. Respondent’s attorney has only offered that respondent is well capable of meeting the terms of the Maryland order. In fact, in respondent’s memorandum of law it is stated that he has to date contributed more than required by law for the children’s support.
Before the court can set an amount for the child support order to be registered, it must determine which children are eligible. In a USDL action, New York law requires parental support for a child until he or she reaches 21 years of age regardless of the statutory age limits of the initiating State. (Lalli v Lalli, 80 AD2d 897; Matter of Danis v Stillerman, 66 AD2d 818.) The fact that a child is in college (or a boarding school), as is the case of Patrick and Brendan, does not alter this obligation, unless it is shown that he or she is emancipated or financially independent. (Domestic Relations Law, §§ 2, 31, subd 3; §32, subd 3; see, also, Conrad v Conrad, 57 AD2d 671.) No evidence has been introduced that Patrick and Brendan are emancipated or financially independent; therefore, it is presumed that they are not. (Banasik v Reed Prentice. Div. of Package Mach. Co., 34 AD2d 746, affd 38 NY2d 770.) The court holds that all three children are eligible for a child support order. As petitioner and the children are a family unit, respondent is not relieved of his support obligations when the children are away from petitioner. The custodial parent’s expenditures for children are necessarily uneven during the year. A suspension of support payments during a specified period impairs her ability to meet the needs of the children as they arise. (Frank v Frank, 65 AD2d 599.)
*742 While section 37-a (subd 5, par [a]) of the Domestic Relations Law provides that a petition seeking registration shall contain a statement of “the amount of child support remaining unpaid”, subdivision 2 of section 34 of the Domestic Relations Law, which defines the jurisdiction and powers of the court in a USDL proceeding, does not provide for the granting of arrears. Case law supports a finding of a lack of jurisdiction as to arrearages. (Matter of Post v Moore, supra; Matter of Gemmiti v Beagle, supra; Hotetz v Hotetz, 60 Misc 2d 271; Matter of County of Santa Clara, State of California v Hughes, 43 Misc 2d 559.) The court holds that an award or cancellation of arrears may not be made under section 37-a.
Although visitation may not be considered de novo in a USDL action (Matter of De Filipo v De Filipo, 45 AD2d 710), the court does have authority to enforce existing visitation rights. (Matter of Shinouda v Shinouda, 96 Misc 2d 290; Sorbello v Cooke, 93 Misc 2d 998; Goodwin v Fayerman, 88 Misc 2d 690.) The agreement incorporated by reference in the order of support provided “[tjhat the father shall have the right to visit with and have the children visit him away from the home of the mother for one month during the summer and on alternate Christmas and Spring or Easter holidays, and the father shall have such other and further visits with the children as may be agreed upon between the parties upon advance notice.” The court takes notice that Patrick is 19 years of age and Brendan will become 18 years of age on October 18, 1981. Since a parent may not be awarded the custody of a child 18 years of age (Toppel v Toppel, 67 AD2d 628), Patrick and Brendan cannot be required to visit respondent. Accordingly, the order of visitation is continued as to Christopher only.
The purpose of written interrogatories is to preserve a party’s right of confrontation. The petitioner having appeared in person and subjected herself to cross-examination, the requirements of due process have been met.
The petition for registration and enforcement is granted to the extent indicated. Order of child support in the amount of $500 per month effective August 1, 1981 payable directly to petitioner in accordance with the request of *743 the parties. Contingent payroll deduction order on three consecutive defaults. Submit order for registration and enforcement on notice in conformity herewith.