In the Matter of ANDREA BURKE, Appellant, v RUDOLPH ADAMS, Respondent.

Second Department, July 20, 1987

APPEARANCES OF COUNSEL

*Stephen J. Wing, County Attorney (Keith P. Byron* of counsel), for appellant.

**OPINION OF THE COURT**

SPATT, J.

In this appeal involving the Uniform Support of Dependents Law (hereinafter USDL; Domestic Relations Law art 3-A), the only issue raised, one of first impression in the appellate courts of this State, concerns the determination of the effec-

tive date of a USDL support order. We hold that where New York is the responding State, such support orders are effective upon the date of the filing of the petition in the initiating State court. We therefore modify that portion of the Family Court order concerning support to make it retroactive to May 24, 1984.

I

Andrea Burke (hereinafter the petitioner) and Rudolph Adams (hereinafter the respondent) were married in New York City in August 1968 and had two children: Michael, who is presently 18 years old, and Robin, who is now 15 years of age. The parties were divorced on September 28, 1976, by a judgment of the Superior Court of New Jersey, Chancery Division, Mercer County. By order of the Family Court of New York, Ulster County (Elwyn, J.), dated January 24, 1977, pursuant to an application filed by the petitioner in Mercer County, New Jersey, the respondent was directed to pay a total sum of $200 per month in support for the two children.

Both parties changed residences a number of times in the ensuing years, and various proceedings were commenced in different courts with regard to support and arrears. Eventually, two proceedings were transferred to the Family Court, Dutchess County. One of the proceedings was transferred from Ulster County and involved support arrears. The other proceeding, which is at issue here, is a USDL application for child support in excess of the $200 per month amount provided for in the order of support. The petitioner filed this latter petition for support on May 24, 1984, in the Juvenile and Domestic Relations Court of Mercer County, New Jersey (hereinafter the initiating court). New Jersey has adopted the Uniform Reciprocal Enforcement of Support Act, the equivalent of the USDL (see, NJ Stat Annot § 2A:4-30.24 et seq.). On May 24, 1984, the respondent was a resident of Dutchess County, New York. The initiating court issued an order with the title "On Complaint for Support Under Reciprocal State Legislation", dated May 24, 1984, which provided as follows:

"Recommendations of the Court:

"Based upon the testimony taken in the above entitled matter, pursuant to Chapter 197 N.J. Laws of 1952 the Court recommends that the reasonable needs of the pltf are at least $125.00 per week, which payments are to be made to HAROLD HOLLOWAY, Chief Probation Officer of Mercer County, 612 S.

Broad St., Trenton, New Jersey and directs that the County Clerk forward to the responding State all the necessary papers and the testimony relating to the present case.

"The Court further is of the opinion that there is a duty of support as a matter of law and that the State of New York may obtain jurisdiction of the defendant or his property".

Since the respondent resided in Dutchess County, the file involving the petition for support was transferred to the New York State Department of Social Services, where it was received on June 4, 1984. By letter dated June 25, 1984, the New York State Department of Social Services transferred the proceeding to the Clerk of the Family Court, Dutchess County. On July 16, 1984, the case was "filed" with the Dutchess County Family Court (hereinafter the responding court). Thereafter, the Dutchess County Attorney (hereinafter the petitioner's representative) was counsel for the petitioner in this proceeding for support. The petition bears the notation "Filed Jul [sic] 16 1984". Also, a cover sheet to the record contains the entry "petition filed 7/16/84". A hearing was held by the Dutchess County Family Court on September 25, 1985.

By order dated December 12, 1985, the Family Court (Bernhard, J.), ordered that the respondent pay $292.30 in arrears to the petitioner, and $45 per week per child, or a total of $90 per week, in support payable by way of a voluntary wage deduction order. The order provided that "[t]his order and income deduction order are effective with the payment due and owing on December 23, 1985". The court also directed that the payment of the arrears was to commence on December 23, 1985.

## II

The Family Court erred in directing that the support order was to be effective on a date subsequent to the date of the order fixing the amount of support. The petitioner's representative requests that the order be made retroactive to July 16, 1984, the date the petition was filed with the responding court. We find, however, for the reasons stated below, that the order of support should be effective as of the date the petition was filed with the initiating court in New Jersey on May 24, 1984.

We note at the outset that the initiating court followed the proper procedures in determining the petitioner's needs with

respect to the request for an order of support and in forwarding the case to New York for determination of the respondent's obligation *(see,* Domestic Relations Law § 34). Although the court of the initiating State makes the preliminary determination as to the petitioner's right to support, it thereafter acts as a procedural conduit by transferring the petition to the responding court which determines whether the respondent owes a corresponding duty to the petitioner under New York law *(see, Matter of Lalli v Lalli,* 80 AD2d 897; *Matter of Post v Moore,* 99 Misc 2d 812). The laws of the responding State are applied in the determination of whether such a duty exists *(see, Matter of Gemmiti v Beagle,* 94 Misc 2d 588, 592; *Matter of Huffman v Huffman,* 93 Misc 2d 790, 795). The governing law in the instant case, therefore, is the New York Domestic Relations Law and the Family Court Act.

Family Court Act § 411 provides that "[t]he family court has exclusive original jurisdiction * * * under article three-A of the domestic relations law, known as the uniform support of dependents law." Domestic Relations Law § 37 defines the procedure for petitions brought under the USDL. Subdivision (11) of Domestic Relations Law § 37 states that where the respondent contests the petition in the responding court, following the hearing "the court shall make and enter an order directing the respondent to furnish support to the petitioner and to pay therefor such sum as the court shall determine". Such an order of support is governed by Family Court Act § 449, which provides that "[a]ny order of support made under this article shall be effective as of the date of the filing of the petition therefor". This section is mandatory in application *(see,* Besharov, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 449, at 332).

Thus, the Family Court in this case was required to make its order effective as of "the date of the filing of the petition" for support. The question unanswered by the provisions of Family Court Act § 449 is which "date of the filing of the petition" governs the effective date of the commencement of the USDL support payments—the petitioner's filing in the initiating court, or the subsequent filing of the petition in the responding court upon its transfer?

While some courts have directed that the order of support should be effective as of "the date of [the] filing of the petition" *(Matter of Virginia B. v Richard B.,* 124 Misc 2d 427, 430, *revd on other grounds* 107 AD2d 394, *revd on other grounds* 66 NY2d 382; *Matter of Carol J. v William J.,* 119

Misc 2d 739), none has attempted to define which date of filing is the proper effective date *(see also, Nola J. v Hugh F.,* 108 Misc 2d 925, 926, in which the Family Court used, as a commencement time for a petition for upward modification, the date the petition was "certified" by the initiating court). In the case at bar, the delay between the date the petition was filed in the initiating State and the filing in the responding State was only six weeks in duration. However, we envision cases in which such a time gap could be considerably longer and involve substantial sums of money to needy dependents.

The clear import of Family Court Act § 449 is that support should be retroactive to the date the proceeding was commenced, rather than from the date the case was received and stamped "filed" in the responding State court. In a case construing Family Court Act § 449, it was held that the petitioner was entitled to support "retroactive to the date this proceeding was commenced" *(Matter of Brescia v Fitts,* 89 AD2d 894). This proceeding was commenced by the filing of the petition in the initiating State and not by the docketing of the case .or entering it in a clerk's book in the responding court *(see,* Family Ct Act § 423). A second petition was not prepared and filed by the petitioner's representative, and there is no statutory authority for such an additional filing. The petitioner's representative acts on behalf of the petitioner in this State solely as to proceedings conducted with regard to the original petition filed in the initiating State.

The New York USDL is substantially similar to the Uniform Reciprocal Enforcement of Support Act (hereinafter URESA) which has been adopted in New Jersey and other States. The URESA is also silent as to the effective date of support orders issued under its provisions. Courts in other jurisdictions have addressed this issue of retroactivity, with differing results. In *DeFeo v DeFeo* (428 A2d 26 [Del]), the Family Court of Delaware held that it had discretion as to the effective date support became due and could make the order retroactive to the date the petition was filed in the initiating State but not earlier than that. However, in both *Sedelmeyer v Sedelmeyer* (167 NJ Super 175, 400 A2d 571) and *State ex rel. Alleman v Shoats* (101 NM 512, 684 P2d 1177), it was held that a responding court has the discretionary equitable power to make an order of child support retroactive only to the date a complaint is received and filed with the responding State

*(see also, Olson v Olson,* 534 SW2d 526 [Mo App] [the court had no statutory authority to make a support award retroactive and the failure to do so was not an abuse of discretion]). It is noted, however, that each of these cases was based upon the court's discretionary powers and not a mandatory statute such as Family Court Act § 449.

## III

In sum, the laws of New York are applicable with respect to the respondent's duty of support. Family Court Act § 449 requires that the order be effective from the date the petition is filed. A petition is first filed for the purposes of this statute in the initiating court, which, in this case, was the Juvenile and Domestic Relations Court in Mercer County, New Jersey. Therefore, the order with respect to the petition for support under the USDL must be retroactive to the date the petition was originally filed in the initiating court, namely, May 24, 1984.

This result is not only required by statutory direction, but also comports with the public policy of this State. Domestic Relations Law § 236 (B) (7) similarly requires that orders for support in cases not governed by the USDL be retroactive to the date of the application. Although, as in this case, there will be some delay in transferring the petition from the initiating court to the responding court, varying in duration, in our view, the financial burden resulting from this delay should be visited upon the respondent, who is obligated for his children's support, rather than the petitioner, who is in need.

Therefore, the order of the Family Court should be modified so as to make that branch of the order relating to Case No. U-219-984, which granted the petition for support, retroactive to May 24, 1984. The matter should be remitted to the Family Court, Dutchess County, for a recomputation of the amount of child support based on the change in the effective date of the order to May 24, 1984, the date that the USDL petition was filed in the initiating court.

BRACKEN, J. P., BROWN and RUBIN, JJ., concur.

Ordered that the order is modified, on the law, by deleting the provision thereof which provided that the effective date of the decision and order with respect to the petition for child support shall be December 23, 1985, and substituting therefor

a provision making the effective date of the decision and order May 24, 1984; as so modified, the decision and order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Family Court, Dutchess County, for further proceedings consistent with the opinion herewith.